**In re ESTATE OF Charles L. DESTERBECQUE, Deceased.**

**G. Stanley MOORE, Personal Representative, Respondent,**

v.

**John Nathan FRY, Appellant.**

Nos. 16686, 16720.

Missouri Court of Appeals, Southern District, Division One.

Dec. 10, 1990.

G. Stanley Moore, Donnelly, Baldwin, Wilhite & Moore, Lebanon, for respondent.

J. Christopher Allen, O'Neil & Allen, Lebanon, for appellant.

MAUS, Presiding Judge.

Charles L. Desterbecque (Desterbecque) died intestate on August 20, 1989, a resident of Dallas County, owning one tract of real property and diverse items of tangible and intangible personal property. On August 30, 1989, G. Stanley Moore was appointed Personal Representative of the estate. Appellant John Nathan Fry (Fry) claims the decedent was bound by a contract to devise his entire estate to Fry. Without notice or hearing, the Probate Division entered an order to sell the tangible personal property at public sale. Fry's appeal from that order is Case No. 16686 in this court. Subsequently, following notice and hearing, the Probate Division entered an order to sell the real property at public sale. Fry's appeal from that order is Case No. 16720 in this court. After each appeal was separately perfected and briefed, the appeals were consolidated for oral argument and disposition.

The following is an outline of the procedural background relevant to the appeals.

September 27, 1989—Inventory and appraisement filed

October 10, 1989—Petition for sale of personal property filed

October 10, 1989—Petition for sale of real property filed

October 16, 1989—Order to sell personal property entered

October 31, 1989—Hearing on petition to sell real property. Matter taken under advisement

November 20, 1989—Order to sell real property entered

November 27, 1989—Notice of appeal from order to sell personal property filed

December 18, 1989—Notice of appeal from order to sell real property filed

Fry appeared in person and by counsel and participated in the hearing upon the petition to sell real property. He did not file a written objection to such a sale, but orally objected to the same. He based his right to object upon an alleged contract whereby the decedent agreed to devise his entire estate to Fry. He introduced in evidence a copy of his petition that he filed on October 27, 1989, in the Circuit Court of Dallas County. The defendants were the Personal Representative and Desterbecque's heirs. By Count I of that petition, Fry seeks specific performance of the alleged contract to devise. In alternative counts, Fry seeks to recover damages for the breach of that contract or upon the basis of quantum meruit. The petition had not been served upon any of the defendants at the time of the hearing on the petition to sell real property.

In general, the evidence at the hearing to sell real property developed the following facts. Fry and the decedent had lived together for 14 years. In November 1987, the two of them moved from Indianapolis to a house decedent had purchased in Dallas County. They were living there at the time of decedent's death. Fry moved from that house upon the demand of the Personal Representative. Fry testified that items of the estate's personal property were unique because they had been accumulated by the duo during the time they lived together and because of sentimental attachment. He also testified the real property was unique because of several factors including its location. As stated, after receiving briefs from the parties and taking the matter under advisement, the Probate Division entered an order to sell the real property at public sale. That order was premised upon the following finding: "[T]hat the sale of said property is necessary for the interests of the estate."

The Personal Representative filed motions to dismiss the appeals because each notice of appeal was not timely filed. He first argues that each order in question was final when entered and neither notice was filed within 10 days thereafter as required by Rule 81.04(a). He then argues that even if each order was final 30 days after it was entered, the notices are untimely. He contends the notice in Case No.

16686 was late because it was filed 42 days after the order to sell personal property was entered. He contends the notice in Case No. 16720 is premature because it was filed 28 days after the order to sell real property was entered.

These motions and other facets of these appeals require this court to consider the finality of the two orders and the rules and statutes governing appeals therefrom. Basic to that consideration are the following relevant provisions prescribing the applicability of the Rules of Civil Procedure (Rules).

"41.01. (a) Rules 41 through 101 shall govern the following:

. . . . .

(2) Civil actions pending before a circuit judge except those actions governed by the Probate Code;

. . . . .

(b) Civil actions originating before an associate circuit judge or in the probate division of the circuit court but which are pending in the Supreme Court, Court of Appeals, or before a circuit judge, other than a circuit judge in the probate division, shall be governed by Rules 41 through 101, except that Rule 55 shall not apply unless the court orders the application of Rule 55, or specified portions of it, and a copy of such order is served upon each of the parties or their attorneys. Such order shall specify the provisions of Rule 55 which shall be complied with and the time for compliance.

(c) Rules 41, 56, 57, 58, 59, 60, 61, and 62 apply to proceedings in the probate division of the circuit court.

. . . . .

(e) The judge of the probate division of the circuit court may order that any or all of Rules 41 through 101 shall be applicable in a particular matter."

Nevertheless, at first blush, the matter would seem to be resolved by the following two statutes.

"All appeals shall be taken within the time prescribed by the rules of civil procedure relating to appeals." § 472.180.

"Appeals shall be taken in accordance with the rules of civil procedure relating to appeals." § 472.210.

However, the Personal Representative points out that neither statute prescribes when an order or judgment is final. He argues that the policy of expediting appeals, *State ex rel. Estate of Seiser v. Lasky,* 565 S.W.2d 792 (Mo.App.1978), and the precedent of former § 472.180 prescribing a fixed number of days for appeal supports the proposition that such orders were final when entered.

■ Fry argues that the two orders resulted from adversary proceedings and that, subject to exceptions not here applicable, "[a]n adversary probate proceeding shall be governed by the civil code of Missouri and the rules of civil procedure". § 472.141.1. Fry then relies upon the following:

"For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed...." Rule 81.05(a).

Fry's argument is based upon a false premise. The following is the relevant portion of the statute defining an adversary proceeding.

"'**Adversary probate proceeding**' as used in this section and in section 472.141 means any proceeding brought pursuant to any provision of chapters 472, 473, 474, and 475, RSMo, which requires, as a condition precedent to an entry of an order or judgment on the merits, notice of hearing to persons interested in the proceeding, except that proceedings to sell real property ... shall not be deemed to be adversary unless and until an interested person files objections to the action proposed or the account stated...." § 472.140.2.

Presumably, the foregoing requirement of notice refers to notice required by statute, see § 472.100, as distinguished from notice required by due process, see *Tulsa Collection Servs. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). The applicable statute prescribes that a petition to sell

personal property "may be heard with or without notice as the court directs." § 473.487. The proceeding to sell personal property was not an adversary proceeding within the meaning of § 472.140.2. No interested person filed an objection to the proposed sale of real property and that proceeding was not such an adversary proceeding.

■ Section 472.141.3 provides:

"The civil code of Missouri and the rules of civil procedure shall govern all other actions or proceedings which may be heard by a judge of the probate division pursuant to assignment or otherwise, except as otherwise provided by law."

That section is regarded as referring to non-probate proceedings heard in the probate division. Hanna & Borron, 5 Mo. Prac., Probate Law and Practice, § 511 (2d ed. 1988).

In summary, neither order was entered in a proceeding defined as an adversary proceeding in § 472.140, or a proceeding encompassed by § 472.141.3 so as to invoke the application of Rule 81.05.

■ However, this does not establish that the finality of the orders is not determined by Rule 81.05. As noted, the directly controlling statutes prescribe that appeals shall be taken within the time, § 472.180, and in accordance with the Rules, § 472.210. While these statutes do not expressly prescribe when an order is final, it is logical to conclude finality is to be determined by the Rules referred to in those statutes, which include Rule 81.05 prescribing when an order becomes final. This result has been reached without discussion in several cases. *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547 (Mo. banc 1990); *Estate of Veselich v. Northwestern Nat. Cas. Co.,* 760 S.W.2d 564 (Mo.App.1988); *Goldberg v. Mos,* 631 S.W.2d .342 (Mo.1982). The rationale for that result has been expressed in the following terms.

"The Probate Code does not by statute more explicitly define a final judgment. Nor does it other than by reference prescribe the time within which an appeal must be taken after a judgment has be-

come final. By necessity, and by statutory direction, such determinations are to be made under the Rules." *Matter of Estate of Curtis,* 663 S.W.2d 420, 423 (Mo.App.1983).

"Because finality of judgment and entitlement to appeal are interrelated, the rules of civil procedure, of necessity, determine when the judgment adjudicating a person incompetent or mentally ill becomes final and subject to appeal under § 472.170, RSMo 1978." *Estate of Clark v. Finney,* 610 S.W.2d 367, 370 (Mo.App. 1980).

Further, effective January 1, 1987, The Civil Code provides:

"This code shall be known and cited as 'The Civil Code of Missouri' and shall govern *the procedure in the* supreme court, court of appeals, and *divisions of the circuit court* in all suits and proceedings of a civil nature whether cognizable as cases at law or in equity, unless otherwise provided by law. . . ." § 506.010. (Emphasis added.)

Literal application of the language of that statute would create numerous conflicts. As noted, § 472.180 prescribes that appeals shall be taken within the time prescribed by the Rules. Section 472.210 states that appeals shall be taken in accordance with the Rules relating to appeals. In many instances the Rules and sections of the code are in conflict. For example, § 510.340 provides that a motion for a new trial shall be filed not later than 10 days after the entry of the judgment. Rule 78.04 prescribes that a motion for new trial shall be filed not later than 15 days after the entry of a judgment on a jury verdict. The same conflicts are created by the provisions of § 472.141 which direct that adversary proceedings and other designated proceedings in the probate division "shall be governed by the civil code of Missouri *and* the rules of civil procedure." (Emphasis added.)

"The rules of civil procedure now govern civil actions in the court of appeals and the supreme court, and supersede all statutes and existing court rules that are inconsistent with the promulgations.

Rule 41.01(a)(1) and 41.02; *In the Interest of D.J.B.*, 704 S.W.2d 217, 218 (Mo. banc 1986). Accordingly, appeals taken under § 208.110 are subject to the rules of civil procedure. *Stacy v. Dept. of Public Health and Welfare*, 468 S.W.2d 651, 654[3] (Mo.App.1971). The time within which an appeal may be taken does not impinge on the right of appeal, but on the mode by which the right is secured, and hence is a competent subject of rule-making under the constitutional grant. Mo. Const. art. V, § 5 (1945, amended 1976); *In the Interest of D.J.B.*, 704 S.W.2d at 218; *Stacy v. Dept. of Public Health and Welfare*, 468 S.W.2d at 654." *Crist v. Director, Div. of Family Serv.*, 775 S.W.2d 266, 267 (Mo.App.1989).

Also see *Speck v. Union Elec. Co.*, 731 S.W.2d 16 (Mo. banc 1987); *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423 (Mo. banc 1978); *State ex rel. Garnholz v. La Driere*, 299 S.W.2d 512 (Mo. banc 1957). It is reasonable to conclude that in referring to the civil code in the statutes cited, it was the intent of the legislature that the conflicts be resolved by applying the civil code as superseded by the Rules. This court holds that § 472.141 and § 506.010 should be so construed.

 The notice of appeal from the order to sell personal property was filed 42 days after that order was entered. Nevertheless, by reason of § 506.060, embodied in Rule 44.01(a), that notice was timely filed. *Boone v. Danforth*, 463 S.W.2d 825 (Mo. banc 1971). The notice of appeal from the order to sell real property was filed 28 days after that order was entered. Nevertheless, under the provisions of Rule 81.-05(b), that notice is considered as timely filed.

 The Personal Representative next contends the appeals must be dismissed because Fry has no standing to appeal. Independently, "[w]e must sua sponte determine whether we have jurisdiction of an appeal." *State ex rel. Missouri State Highway Patrol v. Klos*, 764 S.W.2d 520, 521 (Mo.App.1989).

"The right of appeal, however, is only as provided by law. *Rule 81.01.* 'Any *party* to a suit aggrieved by any judgment of the trial court.... may take his appeal to a court having appellate jurisdiction....' § 512.020, RSMo 1986 (emphasis added). '[A] stranger to the record may not file a motion for a new trial or appeal from the judgment.' *In re Main's Estate*, 236 Mo.App. 88, 152 S.W.2d 696, 701 (1941), citing, *Ewart v. Peniston*, 233 Mo. 695, 136 S.W. 422, 424 (1911); see also *Proctor v. Director of Revenue*, 753 S.W.2d [69] at 71 [(Mo.App.1988)] 'To assert appeal, the appellant must have been a party to a suit and aggrieved by the judgment of the trial court.' *Houston v. Zaner*, 683 S.W.2d 277, 282 (Mo.App.1984) (citations omitted). Not being a party, the Director may not appeal." *Munson v. Director of Revenue*, 783 S.W.2d 912, 915 (Mo. banc 1990).

Section 472.160 provides "[a]ny interested person aggrieved thereby may appeal to the appropriate appellate court" from the orders specified in that section. This section retains language which provided for appeals from the probate court to be heard de novo in the circuit court. The section does not expressly limit the right of appeal to a party. However, the civil code and Rules include the following provisions.

"*Any party* to a suit aggrieved by any judgment of any trial court in any civil cause ... may take his appeal to a court having appellate jurisdiction ... from any final judgment in the case...." § 512.020. (Emphasis added.)

"The right of appeal shall be as provided by law." Rule 81.01.

"When an appeal is permitted by law from a trial court, *a party* or his agent *may appeal* from a judgment or order by filing with the clerk of the trial court a notice of appeal...." Rule 81.04(a). (Emphasis added.)

It is implicit that an allegation of error by the probate division can be asserted in the appellate court only by an interested party to the proceeding in the probate division who is "aggrieved" by an order or judgment. See *Munson v. Director of Reve-*

*nue,* supra; *Matter of Additional Magistrates, Etc.,* 580 S.W.2d 288 (Mo. banc 1979); *State ex rel. Missouri State Highway Patrol v. Klos,* supra; *Government Emp. Ins. Co. v. Clenny,* 752 S.W.2d 66 (Mo.App.1988).

It is not necessary for the disposition of these appeals to determine which of the persons named in the records of the probate division concerning an estate are parties to a particular probate proceeding within the meaning of the above statutes and rules. Nor is it necessary to consider whether or not an appellant may actually participate as a litigant in the proceeding which resulted in the order from which an appeal is taken. See Hanna & Borron, 5 Mo.Prac., Probate Law and Practice, § 518 (2d ed. 1988).

■ At the time the order to sell personal property was entered, there was nothing in the records of the probate division presented to this court to establish Fry was a party to the proceedings or had an interest in the estate. He did not enter an appearance in the proceeding to sell personal property. He was not a party to that proceeding and had no standing to appeal. Appeal No. 16686 in this court is dismissed.

■ Prior to the commencement of the proceeding to sell real property, the records of the probate division did not show Fry was a party to that proceeding. To establish his status and contentions, Fry should have filed an objection to the action proposed. See §§ 472.090 and 472.140.2. However, the transcript of the hearing upon the petition to sell real property is a part of the record before this court. That transcript shows that at the outset of the hearing Fry appeared in person and by counsel. The probate division acknowledged Fry to be a party. Fry participated in the hearing. Orally and by introducing a copy of his petition for specific performance, he established the nature and extent of his interest in the estate and the basis of his objection to the sale. At the court's direction, he subsequently filed a brief setting forth his position. Under these circumstances, the record sufficiently established Fry's status as a party and his objec-

tion to the proposed action. He was a party to the proceeding to sell real property within the meaning of the applicable statute and Rules.

■ Nevertheless, the Personal Representative yet contends the record does not establish that Fry was an "interested person aggrieved" by the order to sell real property. To establish that position, he presents a convoluted argument which need not be stated at length. In essence he contends that because Fry's claim is contingent upon a successful legal action, he is not "interested" or "aggrieved".

"'**Interested persons**' means heirs, devisees, spouses, creditors or any others having a property right or claim against the estate of a decedent being administered and includes children of a protectee who may have a property right or claim against or an interest in the state of a protectee...." § 472.010(15).

The contingent interest of personal injury claimants may be sufficient to establish their status to appeal a judgment that declared that a policy of insurance afforded no protection to the tortfeasor. In so holding the court said:

"We find *Horace Mann* [*Ins. Co. v. Riley,* 716 S.W.2d 820 (Mo.App.1986)] distinguishable principally because the co-defendant seeking to appeal had not yet filed a claim for contribution against the putative insured, but in the case *sub judice,* the appellants have lawsuits pending in the circuit court seeking money damages from the putative insured and have thus taken affirmative steps to pursue their claims against Stegeman. To the extent that *Horace Mann* conflicts with the instant decision, it is no longer to be followed." *Shelter Mut. Ins. Co. v. Briggs,* 793 S.W.2d 862, 863 (Mo. banc 1990).

Fry had taken affirmative steps to establish his claim. The nature of his claim and the above circumstances establish Fry had sufficient interest to appeal.

■ The Personal Representative's argument that Fry was not "aggrieved" because he could receive the proceeds of the

sale, if successful with his lawsuit, has no merit. Fry's claim was to the real property in specie. His claim is similar to that of an heir or devisee. "Each tract of real property is regarded as unique." *Silliman v. Chrisman*, 584 S.W.2d 441, 445 (Mo.App. 1979). Fry is "aggrieved" because the order to sell operates prejudicially upon that claim. *Harris v. Union Electric Co.*, 685 S.W.2d 607 (Mo.App.1985).

■ The Personal Representative's argument that the order is not a final judgment also has no merit. An interested person aggrieved may appeal from "all orders for the sale of real estate." § 472.160(6). The Personal Representative's motion to dismiss Appeal No. 16720 is denied.

■ Fry contends the probate division erred in entering the order to sell the real property because there was no evidence to establish a statutory basis for that order. He emphasizes the fact there are only two heirs-at-law and the assets of the estate include $95,384.23 in cash. The Personal Representative presented no evidence to establish a necessity for the sale. As stated, the probate division entered the order to sell upon the basis the sale "is necessary for the interests of the estate." The entry of an order of sale on this basis was erroneous. *McIntosh v. Connecticut General Life Insurance Co.*, 366 S.W.2d 409 (Mo. 1963). The order to sell real property appealed from in Case No. 16720 is reversed.

PREWITT and CROW, JJ., concur.