STATE of Missouri ex rel. Wendell Lavell MARSHALL by next Friend Mary Jane FRANKLIN and Mary Jane Franklin individually, Plaintiffs–Appellants,

v.

Herman Wendell HERCEY, Defendant–Respondent.

No. 18550.

Missouri Court of Appeals, Southern District, Division One.

Feb. 1, 1994.

Rachel L. Townsend, Linda Ray–McKenna, Dept. of Social Services, Jefferson City, for plaintiffs-appellants.

Nancy Steffen Rahmeyer, Pratt & Fossard, Springfield, for defendant-respondent.

Before PARRISH, C.J., and SHRUM and MONTGOMERY, JJ.

SHRUM, Judge.

Plaintiffs brought this action for a declaration of paternity and other relief. Following a jury verdict in favor of Defendant on the paternity issue, Plaintiffs appeal.

Defendant, in his brief and by separate motion, urges we dismiss the appeal, alleging numerous violations by Plaintiffs of Rule 84.04. Because all of Plaintiffs' points relied on violate Rule 84.04(d), we dismiss the appeal.

With one change,[1] we reproduce verbatim Plaintiffs' seven points relied on:

---

1. In their brief, Plaintiffs' points relied on are in all capital letters. We reproduce them in stan-

I. The trial court erred in refusing to grant petitioners' motion for a new trial because the verdict was against the greater weight of the credible evidence, which included reliable and probative evidence of paternity by means of human leukocyte antigen (HLA) blood testing.

II. The trial court erred in overruling petitioners' motion for summary judgment because Missouri Supreme Court Rule 74.04 as well as Missouri case law required the trial court to sustain petitioners' motion for summary judgment.

III. The trial court erred in admitting evidence of respondent's financial condition in direct violation of the trial court's order sustaining petitioners' motion in limine "B" because it prejudicially affected the jury's deliberations when the only issue before the jury was paternity.

IV. The trial court erred in admitting evidence of sexual access to petitioner at a time other than the probably [sic] period of conception in that the admission of said evidence was in direct violation of the trial court's order sustaining petitioners' motion in limine "D" requiring that evidence of sexual access to petitioner at a time other than the probable period of conception was not to be mentioned in the hearing of the jury by either respondent's counsel or by any of the witnesses called by respondent and also was in violation of Section 210.-839(2) which prohibits anyone who has not made another possible father known and made him a correspondent subject to blood tests from trying to bring up such a person at the time of trial.

V. The trial court erred in refusing to grant petitioners' motion for a new trial because the verdict of the jury herein reflects bias, passion and racial prejudice, in violation of petitioners' constitutional right to a fair and impartial jury, thereby entitling petitioners to a new trial.

VI. The trial court erred in refusing to grant petitioners' motion for new trial because respondent's improper use of the term "reasonable doubt" during closing ar-gument was extremely prejudicial to petitioners, thereby mandating a new trial.

VII. The trial court erred in refusing to grant petitioners' motion for new trial because newly discovered evidence in the form of respondent's and his wife's testimony form[s] an additional basis for granting a new trial to petitioners.

Rule 84.04(d), governing an appellant's points relied on, provides:

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. If more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first. All authorities discussed in the argument shall be cited under the "Points Relied On." Long lists of citations should not be included.

> Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Compliance with Rule 84.04(d) is discussed at length in numerous Missouri appellate court opinions, including *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), and *Midwest Materials Co. v. Village Development Co.*, 806 S.W.2d 477, 483 n. 1 (Mo.App.1991). The policy underlying the requirements of Rule 84.04(d) is set out in *Thummel*, 570 S.W.2d at 686[6–7].

■ Points relied on that do not meet the requirements of Rule 84.04(d) preserve nothing for review. *Thummel*, 570 S.W.2d at 684. Moreover, "allegations of error ... not properly briefed shall not be considered in any civil appeal...." Rule 84.13(a).

The three components of a point relied are:

(1) A concise statement of the challenged ruling or action of the trial court. *Thummel*, 570 S.W.2d at 684–85[3–4].

(2) *Why* the action or ruling was erroneous. "This requirement essentially contemplates a statement which ordinarily will

---

dard upper and lower case type. The only special typeface requirement for points relied on is that they be in boldface type. *See* Rules 84.06 and 81.17.

closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed," *Thummel*, 570 S.W.2d at 685, or, more succinctly, "the rule of law ... the court should have applied...." *Id.* at 686.

(3) The *wherein* requirement may be satisfied by stating "the testimony or evidence [that] gives rise to the ruling for which appellant contends," *Id.* at 685, or " 'the way in which the trial court incorrectly applied [controlling] principles [of law] or misconstrued the facts.' " *Estate of Goslee*, 807 S.W.2d 552, 556 (Mo.App. 1991) (quoting *State ex rel. Mayfield v. City of Joplin*, 485 S.W.2d 473, 475 (Mo. App.1972)).

As we noted in *Midwest Materials*, 806 S.W.2d at 483 n. 1, Judge Stone's article, *Effective Appellate Briefs*, 15 J.Mo.Bar 80–91 (Feb.1959), is one of the best guides available to writing points relied on. *See also* Judge Harry L.C. Weier and William A. Fairbank, *Why Write a Defective Brief?: Give Your Client a Chance on Appeal*, 33 J.Mo.Bar 79–92 (Mar.1977), cited in *Thummel*, 570 S.W.2d at 685 n. 3.

Referring to Judge Stone's article, Judge Weier and Mr. Fairbank state:

In terms of a format, Judge Stone probably provides the most complete and flawless method for writing acceptable points relied on. His pattern is as follows: *"The trial court erred in* [the particular action or ruling of which complaint is made] *because* [of the specific reason to be stated here] *in that* [here supplying reasonable detail supporting the specific reason assigned]." This format covers the main requirements of the rule because it ensures that the writer will mention: (1) what the trial court did that is claimed to be error; (2) why it is error; and (3) wherein it is claimed to be error.... [M]ost violations of Rule 84.04(d) could probably be cured if this pattern were followed.

33 J.Mo.Bar at 88–89 (footnote reference to Stone, 15 J.Mo.Bar at 86, omitted).

Our supreme court has endorsed the use of Judge Stone's formula. In *Thummel*, the court undertook to write, "in the form required by Rule 84.04, the point that we have assumed (but are by no means certain) appellant was trying to make...." 570 S.W.2d at 685. The point relied on the court formulated followed Judge Stone's pattern, which the *Thummel* court drew from the article by Judge Weier and Mr. Fairbank. *Id.*

None of Plaintiffs' points on appeal satisfies the requirements of Rule 84.04(d). Point I proposes as its rule of law (the *why* portion) "the verdict was against the greater weight of the credible evidence." Lacking from the point relied on is the *wherein;* there is no reference to any principle of law or other reason that would require the court to rule contrary to the general rule that, in the review of a jury verdict, the appellate court does not determine the credibility of witnesses, resolve conflicts in the evidence, or weigh the evidence; these are tasks for the jury. *See Powell v. Norman Lines, Inc.*, 674 S.W.2d 191, 197[15] (Mo.App.1984).

In addition to challenging a ruling that is not appealable, Point II satisfies neither the *why* nor the *wherein* requirements of Rule 84.04(d).

In Point III, if the phrase "in direct violation of the trial court's order sustaining petitioners' motion in limine 'B' " is taken to be the *why* of the point relied on, then absent from the point is a *wherein* statement that would place the admission of the evidence outside the general rule, "As the course of trial progresses, the trial court retains the power, based on the evidence presented, to admit evidence, if proper, even if it was the subject of a granted motion in limine." *Littles v. Cummins,* 854 S.W.2d 45, 46 (Mo.App. 1993) (quoting *Jones v. Jones*, 661 S.W.2d 817, 818[1] (Mo.App.1983)).[2] In Point III, if the phrase "because it prejudicially affected

---

2. In their reply brief, Plaintiffs point out they are "not *arguing* that the Motion in Limine was in error." Rather, they are *"arguing* that the trial court in allowing evidence to be introduced and testimony to be elicited within the hearing of the jury was plain error and should be grounds for new trial." (Our emphasis.) Our concern is Point III's compliance with Rule 84.04(d), not with the argument portion of Plaintiffs' brief.

the jury's deliberations" is read as the *why* component, then the phrase "when the only issue before the jury was paternity" fails to meet the *wherein* requirement because it does nothing more than state the evidence was irrelevant; it does not purport to identify in what way the evidence was prejudicial.

Point IV states two *why's*, the first of which suffers the same shortcoming noted under Point III regarding a challenge to the admission of evidence after a ruling to the contrary on a motion in limine. The second *why* of the point relied on adequately states a rule of law that Plaintiffs assert the trial court should have applied. (Presumably, Plaintiffs intended to refer to subdivision (3) rather than subdivision (2) of § 210.839; Plaintiffs' reference in the point relied on to "evidence of sexual access to petitioner at a time other than the probabl[e] period of conception" suggests Plaintiffs also might be attempting to invoke § 210.839(2) as an applicable rule of law.) However, there is no *wherein* phrase related to § 210.839(2) or (3) in that the point makes no reference to testimony or other evidence.[3]

■ Point V asserts as a rule of law the alleged violation of the constitutional right to a fair and impartial jury. However, the *wherein* requirement is missing; the point relied on offers no support for the bald conclusion that the jury verdict reflected "bias, passion and racial prejudice."

■ Point VI fulfills neither the *why* nor the *wherein* requirements of Rule 84.04(d). We are unable to discern a rule of law the Plaintiffs believe the trial court should have applied, and the only reference to the trial record simply informs us of the "improper use of the term 'reasonable doubt' during closing argument."

■ Point VII fails to meet the *wherein* requirement; the point does not identify any evidence that would give rise to the ruling that Plaintiffs contend the trial court should have made.

In their reply brief, Plaintiffs argue:

[Plaintiffs'] brief in its Points Relied Upon clearly states that error was made and why such error was made. Points I through III and V through VII use the terminology of "erred because". Point IV uses the terminology "erred in that". Both phrases clearly indicate the wherein and why error was made as required by Rule 84.04(d).

It appears from Plaintiffs' reply brief argument that they view the *why* and *wherein* components of a point relied on as interchangeable or alternative requirements. Not so. The rule, the cases, and the journal articles cited in this opinion make clear the *why* and *wherein* requirements are separate ones, each intended to fulfill a specific purpose and each satisfied in different ways.

We decline to exercise the discretionary authority granted us by Rule 84.13(c) to examine the argument portion of Plaintiffs' brief or the record on appeal in search of plain error.

We dismiss the appeal.

PARRISH, C.J., and MONTGOMERY, J., concur.

---

3. Point IV draws attention to deficiencies in the statement of facts portion of Plaintiffs' brief. Rule 84.04(c) requires a statement of facts "relevant to the questions presented for determination...." Although Plaintiffs' statement of facts refers to motion in limine "D," it is silent about the offering and admission at trial of evidence about "sexual access to petitioner" at any time.

The statement of facts is deficient with respect to other points on appeal. Although there is reference to motion in limine "B," there is no reference to facts concerning the admission of evidence of Defendant's financial condition (Point III). The statement of facts makes no mention of closing argument (Point VI) or newly discovered evidence (Point VII).