**In the Matter of Naomi SWEENEY, an Incapacitated and Disabled Person.**

**Bonnie WHITE, Petitioner–Respondent,**

v.

**Donald G. SWEENEY, Respondent–Appellant.**

No. 19402.

Missouri Court of Appeals, Southern District, Division Two.

May 2, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 1995.

Kenneth L. Seufert and David L. Colson, Farmington, for appellant.

Charles W. Medley, Farmington, for respondent.

PREWITT, Judge.

On February 10, 1986 Appellant was appointed Guardian of the person and Conservator of the estate of Naomi Sweeney, an incapacitated and disabled person. Following the death of Naomi Sweeney on October 29, 1991, Appellant filed a Final Settlement. Bonnie White, an heir of Naomi Sweeney and a Co–Personal Representative of the Naomi Sweeney Decedent Estate, filed objections to Appellant's final settlement.

Following non-jury trial, the objections were essentially sustained and judgment was entered adverse to Appellant in multiple particulars. Appellant appeals, presenting fifteen points relied on. Review is under Rule 73.01(c) as interpreted. *See Enderle v. Robert,* 863 S.W.2d 692, 693 (Mo.App.1993).

We are first met with Respondent's motion to dismiss the appeal. The motion asserts "that Notice of Appeal was not filed within ten (10) days after the judgment appealed from became final as required by Section 472.180 R.S.Mo. and V.A.M.R. 81.04." Judgment was entered on November 2, 1993. Thereafter, Appellant filed a Motion for New Trial on November 17, 1993. Respondent asserts that the Motion for New Trial did not delay the time the Judgment became final, as stated in Rule 81.05(a) "because there is no statutory authority for filing a Motion for New Trial in a proceeding in the Probate Division of the Circuit Court." Respondent points out that under Rule 41.01, Rule 78 pertaining to new trials and after-trial motions is not applicable to proceedings in the Probate Division unless the Court so orders, which was not done.

Chapter 472 RSMo.1994 "Probate Code—General Provisions" provides by § 472.141 that adversary probate proceedings be governed by the civil code of Missouri and the rules of civil procedure with certain exceptions not here applicable. Time for appeal is covered in § 472.180, which states:

472.180. **Time for appeal.**—All appeals shall be taken within the time prescribed by the rules of civil procedure relating to appeals.

The procedure for appeals is set forth by § 472.210 as follows:

472.210. **Appeals, procedure.**—Appeals shall be taken in accordance with the rules of civil procedure relating to appeals.

This district previously held that Rule 81.05 is included in those rules referred to in §§ 472.180 and 472.210. *In re Estate of Desterbecque,* 800 S.W.2d 142, 146 (Mo.App. 1990). That was true although Rule 81 is

also not listed in the rules applicable to probate proceedings by Rule 41.01. Rule 81.05(a) is set forth marginally.[1]

That leaves the question of whether the Motion for New Trial delayed the finality of the judgment until the expiration of ninety days after its filing or its earlier ruling. If it does not, then the appeal was untimely. Although Rule 78, pertaining to new trials and after-trial motions is not listed as applicable to probate proceedings in the circuit court, we have been pointed to no rule and find none that prevents their filing. Such motions were allowed at common law and are a part of the common law adopted by Missouri. *See Lee's Summit Building & Loan Association v. Cross*, 345 Mo. 501, 134 S.W.2d 19, 22–23 (1939); *Devine v. City of St. Louis*, 257 Mo. 470, 165 S.W. 1014, 1015–1016 (1914). *See also* 58 Am.Jur.2d *New Trial*, § 11 p. 106, § 470 p. 437, § 477 p. 441–442 (1989).

"Statutes relating to appeals from probate judgments are liberally construed to extend rather than restrict the right to appeal." *State ex rel. Baldwin v. Dandurand*, 785 S.W.2d 547, 549 (Mo. banc 1990). So treating the statutes and rules, we conclude that Appellant could file a motion for new trial here and that it did postpone the time that the judgment became final. In so concluding, we have not ignored Respondent's citation of *Lucitt v. Toohey's Estate*, 338 Mo. 343, 89 S.W.2d 662 (1935) and the case on which it relies, *State ex rel. May Department Stores v. Haid*, 327 Mo. 567, 38 S.W.2d 44, 57 (1931). Those cases indicate that a motion for a new trial not provided for by statute may not delay the finality of a judgment. They, however, were based upon a different court system and statutes than those before

us. The motion to dismiss the appeal is denied.

No question is raised by Appellant regarding the standing or right of Respondent to object to the final settlement. Section 473.590 RSMo 1994 has specific provisions providing for objections to the final settlement in decedents' estates. Chapter 475 RSMo.1994, pertaining to guardianship and conservatorship contains no like provision. However, § 475.290 in that chapter provides for notice of final settlement and that the Court can examine and correct the settlement.

An experienced commentator has noted that although the statutes pertaining to final settlement of conservators do not expressly provide for exceptions or accounting such objections have been made by "long established custom" so "that it is no doubt established as a rule of law." 4B JOHN A. BORRON, JR., MISSOURI PRACTICE, PROBATE AND SURROGATE LAWS MANUAL § 475.290, p. 206 (1995).

■ For his first point, Appellant contends that the trial court "lacked jurisdiction to enter a judgment against Donald G. Sweeney . . . because the court had failed to join all necessary parties, namely, Donald G. Sweeney and Bonnie White as Co-Personal Representatives of the Naomi Sweeney Decedent Estate; Peggy Long as Personal Representative of the Harrison (Harry) Sweeney Estate; Randall Head as Conservator ad Litem; Peggy Long and Harry Long, individually." Appellant acknowledges that this contention was not raised in the trial court.

■ Even if one or more of the persons listed were "necessary parties", a question we do not decide, the lack of necessary par-

---

1. **Rule 81.05(a) Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. By leave of the trial court, a notice of appeal may be filed at any time after the expiration of the time for filing a motion for a new trial and within thirty days after entry of judgment. In the event a motion for a new trial is timely filed, the judgment becomes final at the expiration of ninety days after the fling of such motion or, if such motion is passed on at an earlier date, then at the later of thirty days after entry of judgment and the date of disposition of said motion. Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken and all such after-trial motions shall be disposed of at the same time. Any authorized after-trial motion not passed on at the time the motion for a new trial is determined shall be deemed overruled as of the same date. The filing and disposition of such motions has the same effect as to time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court.

ties does not deprive the court of jurisdiction to proceed. An action may proceed without joinder of necessary parties, but not absent joinder of indispensable parties. *Smith v. Wohl,* 702 S.W.2d 905, 910 (Mo.App.1985); *see also Vienhage v. Carter,* 680 S.W.2d 749, 751 (Mo.App.1984). This issue was not raised in the trial court and thus we are only concerned with whether the trial court, in the absence of those parties, had jurisdiction to proceed and enter judgment adverse to Appellant. The absence of necessary parties, if there were such, did not prevent the court from proceeding. Point I is denied.

■ For his second point, Appellant contends the trial court erred "... to the extent said judgment included $4,000.00 for [his] guardianship fee because the judgment of the trial court was not supported by substantial evidence and is against the weight of the evidence, to-wit, the payment was authorized by the Iron County Probate Court."[2]

It is correct as Respondent asserts that the trial court's earlier order approving the last guardianship fee was interlocutory and subject to review following objection to the final settlement. *Rich v. Class,* 643 S.W.2d 872, 877 (Mo.App.1982). If Appellant was guilty of misconduct in handling the estate, the trial court could have found that he was not entitled to payment for services after that misconduct. *See In re Lissner's Estate,* 233 Mo.App. 1121, 129 S.W.2d 1067, 1072 (1939); *In re Taylor's Estate,* 5 S.W.2d 457, 460 (Mo.App.1928); § 475.265 RSMo 1994.

The trial court did approve the last guardianship fee by an undisputed order contained in the legal file. The trial court did not purport to set aside that order for misconduct, but denied that fee solely because Appellant paid himself "without prior authorization from the Court." That finding was erroneous. We conclude that Point II has merit.

■ Six of Appellant's remaining points complain of findings of the trial court "because the judgment of the trial court was not supported by substantial evidence." An additional six of the remaining points state that the amount of the judgment was improper

"because the judgment of the trial court resulted in an award of damages in excess of those actually sustained." The remaining point states that the judgment was erroneous regarding a pickup truck "because the judgment of the trial court was not supported by substantial evidence and is against the weight of the evidence."

■ None of these points meet the requirements of Rule 84.04(d) and thus preserve nothing for review. *State ex rel. Marshall v. Hercey,* 869 S.W.2d 878, 880 (Mo. App.1994). The three components of points relied on are (1) a concise statement of the challenged ruling; (2) why the action or ruling was erroneous; and (3) wherein the court erred. *Id.* at 880–881.

The latter requirement may be satisfied, where it relates to evidence, by stating the testimony or evidence, or lack thereof, which supports the ruling appellant contends would be proper. *Hercey,* 869 S.W.2d at 881. *See also Blackwelder v. Blissett,* 861 S.W.2d 343, 344 (Mo.App.1993); *Phillips v. Phillips,* 819 S.W.2d 413, 415–416 (Mo.App.1991); *Bentlage v. Springgate,* 793 S.W.2d 228, 229–230 (Mo.App.1990); *Eagle v. City of St. James,* 669 S.W.2d 36, 43 (Mo.App.1984); *In re Estate of Sifferman,* 603 S.W.2d 30, 31 (Mo. App.1980); *Bradford v. Masterson,* 596 S.W.2d 75, 76 (Mo.App.1980). The "wherein" requirement is lacking in each of Appellant's last thirteen points.

■ Although the points are deficient, this Court, in its discretion, may review to determine if plain error affecting substantial rights has occurred which resulted in manifest injustice or miscarriage of justice. *LaRose v. Letterman,* 890 S.W.2d 347, 350 (Mo. App.1994); Rule 84.13(c). Gratuitous review discloses no plain error.

The judgment is affirmed except for the portion requiring Appellant to pay back $4,000.00 in fees previously authorized and paid to him, which portion is reversed. The cause is remanded to amend the judgment by

---

**2.** Of course, there is no Iron County Probate Court, but a Probate Division of the Iron County Circuit Court. *See* Mo. Const. Art. V, §§ 15 and 27.

deleting the requirement that he repay that $4,000.00.

CROW and PARRISH, JJ., concur.