### In the ESTATE OF Elta B. STANDLEY, Deceased.

### Doris J. Standley and Michael D. Standley, Respondents,

v.

### Charles K. Standley, Appellant.

### No. 27444.

Missouri Court of Appeals, Southern District, En Banc.

Nov. 7, 2006.

Verna L. Haun, Bolivar, for Doris J. Stanley.

Clifford S. Brown & J. Craig Preston, Springfield, for Michael D. Stanley.

ROBERT S. BARNEY, Judge.

This is an appeal brought by Charles K. Standley ("Appellant") arising from the probate court's "Judgment With Findings of Fact and Conclusions of Law," relating to the estate of Elta B. Standley ("Decedent"). There the probate court imposed two equitable liens against the assets of Decedent's estate ("the Estate"), one in favor of Respondent Doris J. Standley ("Doris"), and one in favor of Respondent Michael D. Standley ("Michael") (collectively "Respondents"). Additionally, the probate court denied Appellant's request to set aside its Letters Testamentary which named Doris as personal representative of the Estate.[1] We dismiss Appellant's untimely appeal.

---

1. Decedent's "Last Will and Testament" provided that the Estate be split equally among her three sons: Appellant, Michael, and James D. Standley ("James"). We note that Doris is the wife of James.

The record reveals Decedent died testate on June 21, 2003. Decedent's will was presented for probate on August 8, 2003, accompanied by an affidavit for small estate filed by Doris.

On September 29, 2003, Appellant filed a "Petition for Accounting" against Respondents based on actions purportedly taken by them in their capacity as Decedent's attorneys-in-fact under a durable power of attorney granted them on February 29, 1996. In its interlocutory judgment, the probate court determined, *inter alia,* that Appellant was entitled to receive certain statements of accounts from each Respondent.

The record further shows that discovery commenced among the parties. At some point in time thereafter, Doris discovered a $25,000.00 bond which was payable to Decedent. As a result of this discovery, Doris filed an "Application for Letters Testamentary" on March 30, 2005, in which she explained that "[s]ince the [filing of the] small estate affidavit, additional assets have been discovered that have caused the estate of [Decedent] to exceed the limits of a small estate." The probate court then issued letters testamentary to Doris on March 31, 2005.

On July 15, 2005, Doris filed a claim against the Estate in the amount of $13,713.87 for "attorney fees and expenses incurred in making an accounting...." Thereafter, on August 18, 2005, Michael filed a "Petition to Impose Lien" upon the Estate in the amount of $27,886.45 pursuant to a provision in the durable power of attorney that stated that if an accounting was required by the attorneys-in-fact, reimbursement would be made to them out of "property under their control," and if insufficient, then from the Estate by the personal representative.

On September 15, 2005, Appellant filed a motion to set aside the letters testamentary.[2]

A hearing was held relating to the aforementioned matters on October 18, 2005. The probate court thereafter entered its "Judgment with Findings of Fact and Conclusions of Law" on December 9, 2005, and sustained Respondents' separate petitions for the imposition of equitable liens against the Estate.[3] The probate court also determined the letters testamentary issued to Doris, and dated March 31, 2005, were properly issued.

Appellant filed his notice of appeal on January 3, 2006. It is our determination that Appellant's appeal was not timely filed.

 " '[A]ppeals are purely statutory, and must be taken within the time and in the manner provided by statute.' " *In re Estate of Forhan,* 149 S.W.3d 537, 541 (Mo.App.2004) (quoting *Lucitt v. Toohey's Estate,* 338 Mo. 343, 89 S.W.2d 662, 664 (1935)). " 'Courts may not enlarge the statutory period within which an appeal may be taken....' " *Id.* (quoting *In re Interest of T.G.,* 455 S.W.2d 3, 9 (Mo.App. 1970)).

This Court refers to the parties by their first names for the sake of clarity; we mean no disrespect.

**2.** Appellant's motion was entitled "Motion To Set Aside Letters of Administration;" however, in the body of the motion, he is complaining of the probate court's March 31, 2005, issuance of Letters Testamentary as well as the appointment of Doris as personal representative of the Estate.

**3.** The probate court found that neither Respondent held or controlled any property in their capacity as attorney-in-fact for Decedent under the durable power of attorney. The probate court also specifically concluded that the "actions taken by Doris in response to the Petition for Accounting, including the trial thereof, were not expenses of administration in connection with administration of Decedent's estate."

Section 472.180 provides that "[a]ll appeals shall be taken within the time prescribed by the rules of . civil procedure relating to appeals." Section 472.210 of the Probate Code provides that, "[a]ppeals shall be taken in accordance with the rules of civil procedure relating to appeals."[4] As such, we turn to Rule 81.04(a):

[w]hen an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not *later than ten days* after the judgment or order appealed from becomes final.

(Emphasis added).

■ Generally, orders of the probate court are interlocutory and are not subject to appeal until final disposition of the matters before the court. *In re Estate of Couch*, 920 S.W.2d 165, 168 (Mo.App.1996);

see § 472.150.[5] However, if an order falls within the enumerated exceptions set forth in section 472.160.1,[6] as in the present matter, it is deemed final for purposes of appeal, and any interested and aggrieved person has the right to appeal.[7] *In re Estate of Burg*, 68 S.W.3d at 545; see *State ex rel. Estate of Seiser v. Lasky*, 565 S.W.2d 792, 794 (Mo.App.1978).[8]

■ "Section 472.160 creates an expedited right to appeal certain probate orders which otherwise would be interlocutory and unappealable." *Forhan*, 149 S.W.3d at 541. "Such expedited appeals serve the salutary purpose of allowing 'many matters of importance to be resolved while the estate is open, and prevents one complex appeal from all matters that occurred during the administration of the estate.'" *Id.* at 541–42 (quoting *In re Estate of Erwin*, 611 S.W.2d 564, 567 (Mo. App.1981)). It follows that "[b]ecause an appeal from one of the orders listed in

4. All rule references are to Missouri Court Rules (2005), and all statutory references are to RSMo 2000.

5. Section 472.150 states in pertinent part:

[f]or good cause, before the expiration of the period allowed for appeal after the order of final distribution of the administration of the estate ... the court may vacate or modify its orders, judgments and decrees, or grant a rehearing therein, except that no such power shall exist as to any orders, judgments or decrees from which an appeal has been taken, prior to a final disposition thereof on such appeal, or to set aside the probate of a will after the time allowed for contest thereof.

6. Section 472.160.1 sets out, in part pertinent to this appeal, that

[a]ny interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:
(1) On the allowance of any claim against an estate exceeding one hundred dollars;
* * *

(3) On all apportionment among creditors, legatees or distributees;
* * *
(9) On all orders revoking letters testamentary or of administration;
(10) On orders making allowances for the expenses of administration;
* * *
(13) On all orders denying any of the foregoing requested actions[.]
One caveat needs to be inserted at this juncture. In our review of this appeal, we do not address the merits of the claims raised by the respective parties below.

7. "If a party chooses not to exercise this right [to appeal], the particular matter may be appealed following final settlement or other judicial action fully and finally disposing of the proceeding." *In re Estate of Burg*, 68 S.W.3d 543, 545 (Mo.App.2001); see also § 472.150.

8. The fact that the probate court may have denominated its determination as a "judgment" does not change our analysis. It is clear that pursuant to section 472.160 the probate court's determination here constituted either an "interlocutory judgment" or an "order."

[section] 472.160 is permitted while the estate is still open, such orders are immediately appealable upon entry." *Id.* at 542.

"The orders listed in [section 472.160] are ready for appeal when made." *Kemp v. Balboa*, 959 S.W.2d 116, 118 (Mo.App. 1997).[9]

9. We note that in *In re Estate of Desterbecque*, 800 S.W.2d 142, 144 (Mo.App.1990), the probate court entered separate orders to sell personal property and real property belonging to the decedent's estate. The *Desterbecque* appellant then filed his notice of appeal from the probate court's order to sell personal property 42 days after the order to sell had been entered. *Id.* at 145. He also filed his notice of appeal from the order authorizing the sale of real property 28 days after the latter order was entered. *Id.* at 145.

Thereafter, the personal representative of the decedent's estate filed a motion to dismiss both of appellant's appeals on the basis that "each notice of appeal was not timely filed." *Id.* at 144. The personal representative argued that "each order in question was final when entered and neither notice was filed within 10 days thereafter as required by Rule 81.04(a)." *Id.* The personal representative also contended the notice to appeal the order to sell personal property "was late because it was filed 42 days after the order ... was entered." *Desterbecque*, 800 S.W.2d at 145. The personal representative, likewise, asserted the notice of appeal from the order to sell real property was "premature because it was filed 28 days after the order to sell real property had been entered." *Id.* at 144.

On appeal this Court disagreed with the personal representative's argument that the appellant had only 10 days after entry of the order in which to file his notice of appeal. *Id.* at 145–47. We opined that while "neither order was entered in a proceeding defined as an adversary proceeding in [section] 472.140, or a proceeding encompassed by [section] 472.141.3 so as to invoke the application of Rule 81.05," nevertheless, "this does not establish that the finality of the orders is not determined by Rule 81.05." *Id.* at 146. Continuing, the opinion noted that "the directly controlling statutes prescribe that appeals shall be taken within the time, [section] 472.180, and in accordance with the Rules, [section] 472.210." *Id.* Additionally, the opinion set out that while the foregoing statutes do not expressly prescribe when an order is final, it is logical to conclude "finality is to be determined by the Rules referred to in those statutes, which include Rule 81.05 prescribing when an order becomes final." *Desterbecque*, 800 S.W.2d at 146. This Court then

determined that both of appellant's appeals had been filed in a timely fashion per the provisions of Rule 81.05. *Id.* at 146–47.

We are now being called upon to revisit this issue, particularly in light of subsequent holdings of various districts of the Missouri Court of Appeals which determined, *sub silento*, that Rule 81.05 was not implicated when ascertaining when an order or judgment issued pursuant to section 472.160 was final for purposes of appeal, during the course of the administration of a decedent's estate. *See Forhan*, 149 S.W.3d at 542; *In re Estate of Burg*, 68 S.W.3d at 545; *Kemp*, 959 S.W.2d at 118. Upon re-examination, this Court determines that its prior holding in *Desterbecque* was incorrect in its application of Rule 81.05 to that matter.

We do not quarrel with the observation in *Desterbecque* that Rule 81.05 applies in an adversary proceeding pursuant to section 472.140. *Desterbecque*, 800 S.W.2d at 146. However, we note that "[s]ection 472.160 creates an expedited right to appeal certain probate orders which otherwise would be interlocutory and unappealable." *Forhan*, 149 S.W.3d at 541. "Orders of the probate court are interlocutory until approval of the final settlement." *Couch*, 920 S.W.2d at 167. "Although many of the probate court's orders are interlocutory and not subject to appeal until final disposition, [s]ection 472.160 ... provides a list of exceptions." *Id.* at 168. "While this statute allows a party to appeal a probate order and thereby make it a final disposition, appeal is not mandatory." *Id.* "Because an appeal from one of the orders listed in [section] 472.160 is permitted while the estate is still open, such orders are immediately appealable upon entry." *Forhan*, 149 S.W.3d at 542; *see also Kemp*, 959 S.W.2d at 118 (holding that "[t]he orders listed in [section 472.160] are ready for appeal when made").

The issue in *Desterbecque* was related to the finality of two orders, which were appealable pursuant to sections 472.160(5) and 472.160(6) while the estate was still open. Such orders were "immediately appealable upon entry." *Forhan*, 149 S.W.3d at 542; *Kemp*, 959 S.W.2d at 118. Accordingly, the *Desterbecque* court should have found that under Rule 81.04(a) and section 472.160 the appellant's notice of appeal was not timely

In the present matter, the probate court's "Judgment" was made final when it was entered on December 9, 2005. Per Rule 81.04(a), Appellant then had 10 days in which to file his notice of appeal; however, he did not do so until January 3, 2006. Accordingly, Appellant's appeal was untimely. "In the absence of a timely-filed notice of appeal, we have no appellate jurisdiction." *Forhan*, 149 S.W.3d at 542. "Therefore, this appeal must be dismissed." *Id.*

PARRISH, J., Concurs.

GARRISON, J., Concurs in principal opinion and concurs in concurring opinion.

BATES, C.J./P.J., Concurs in separate opinion.

SHRUM, J., Dissents in separate opinion.

RAHMEYER, P.J., Concurs in dissenting opinion.

LYNCH, J., Recused.

JEFFREY W. BATES, Chief Judge, concurring.

I concur in the principal opinion. I write separately only to explain why I disagree with the assertion in the dissenting opinion that the result reached in the case at bar is based upon an incorrect application of the rules of civil procedure governing the time for filing a notice of appeal.

As the principal opinion correctly notes, the appellants attempted to appeal from an interlocutory order in a probate proceeding. Prior to 1978, an appeal from an interlocutory order authorized by § 472.160.1(1)-(13) had to be taken within 30 days after the decision was made. § 472.180 RSMo (1969). Thus, the appeal time ran from the entry of the order. *Id.* In 1978, § 472.180 was amended to require that all appeals be taken "within the time prescribed by the rules of civil procedure relating to appeals." § 472.180 RSMo (1978).

Rule 81.04 specifies that a notice of appeal must be filed "not later than ten days after the judgment or order appealed from becomes final." I can find no provision in the rules of civil procedure which specifies when an order is deemed final for purposes of appeal. *Forhan*, *Burg* and *Kemp* all hold that an interlocutory probate order, appealable pursuant to § 472.160, is final upon entry. *In re Estate of Forhan*, 149 S.W.3d 537, 542 (Mo.App.2004); *In re Estate of Burg*, 68 S.W.3d 543, 544–45 (Mo.App.2001); *Kemp v. Balboa*, 959 S.W.2d 116, 118 (Mo.App.1997). Under that analysis, the appellants' notice of appeal was untimely because it was filed 25 days after the order became final. According to the dissenting opinion, this conclusion is flawed because the finality of an interlocutory order should be determined by also applying the provisions of Rule 81.05. For the following reasons, I believe that argument is unsound.

It is evident from reviewing the plain language of Rule 81.05 that it applies only to judgments.[1] Since the interlocutory order entered in the case at bar did not adjudicate the rights of all parties and issues in the case, it does not constitute a final judgment that is appealable pursuant to § 472.160.1(14). *See, e.g., In re Estate of Hoskins*, 996 S.W.2d 792, 794 (Mo.App. 1999); *In re Estate of Buder*, 781 S.W.2d

filed and the appeal should have been dismissed. To the extent holding otherwise, *Desterbecque* is hereby overruled.

1. As Judge Shrum points out in his dissenting opinion, *In the Matter of Sweeney*, 899 S.W.2d 886, 889 (Mo.App.1995), holds that Rule 81.05 does apply to an appeal from a final judgment in a probate proceeding. I have no quarrel with that holding. The difference is that the instant appeal was taken from an interlocutory order, rather than a final judgment. Therefore, *Sweeney* does not apply.

259, 260 (Mo.App.1989); *Smith v. Snodgrass*, 747 S.W.2d 743, 744 (Mo.App.1988). Thus, a simple textual analysis of Rule 81.05 does not support its use here.

In *Desterbecque*, I believe we went awry by eschewing such a textual analysis in favor of the more "logical" approach of simply treating an order as a judgment, so as to permit Rule 81.05 to be used in computing the order's finality. *In re Estate of Desterbecque*, 800 S.W.2d 142, 146 (Mo.App.1990).[2] By doing so, we failed to give appropriate consideration to the reasons why Rule 81.05 delays the finality of a judgment in a civil case.

The purpose of Rule 81.05 is to determine when a *judgment* becomes final. If no timely, authorized after-trial motions are filed, a judgment becomes final 30 days after entry. Rule 81.05(a)(1). This delay in finality corresponds to the time period during which the trial court has the opportunity to exercise its retained authority, pursuant to Rule 75.01, to "vacate, reopen, correct, amend, or modify its judgment...." Once that time period elapses, the trial court loses jurisdiction over the judgment. *See Fortner v. Fortner*, 166 S.W.3d 615, 617 (Mo.App.2005). If a timely, authorized after-trial motion is filed, a judgment becomes final on the earlier of: (1) 90 days from the date the last such motion was filed; or (2) the date when the last such motion is ruled. Rule 81.05. As before, this delay in finality corresponds to the time period during which the trial court continues to have jurisdiction to grant relief for grounds raised in the mo-

tion(s). *See Massman Constr. Co. v. Mo. Highway & Transp. Comm'n*, 914 S.W.2d 801, 802 (Mo. banc 1996); *McCombs v. Joplin 66 Fairgrounds, Inc.*, 925 S.W.2d 946, 949 (Mo.App.1996). Thus, the initial 30–day delay in finality, as well as the additional delay of up to 90 more days, is intended to delimit the point in time at which a trial court loses control over its judgment, regardless of whether an appeal is taken.

The incorporation of this jurisdictional limitation into Rule 81.05 should have no bearing on how one computes the time for filing a notice of appeal from an interlocutory probate order that is permissively appealable pursuant to § 472.160.1(1)-(13) because no similar, automatic loss of jurisdiction takes place. Unless an appeal is taken, the trial court in a probate proceeding retains jurisdiction, for good cause, to vacate or modify its orders at any point prior to the expiration of the time for appealing from the order of final distribution of a decedent's estate. *See* § 472.150. Indeed, even if an interlocutory appeal is attempted, the court has the discretionary authority to stay the appeal until the decree of final distribution and to require that it be heard along with any other appeals from the final order of distribution. *See* § 472.190.

Another conceptual difficulty presented by the application of Rule 81.05 to an appeal from an interlocutory order is the notion that the finality of such an order could be significantly delayed if an "authorized after-trial motion" is filed.[3] *See*

---

**2.** Each of the cases cited to support that holding actually involved an appeal from a final judgment, rather than an interlocutory order. *Id.*

**3.** *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993), lists the following authorized after-trial motions: "a motion to dismiss without prejudice after the introduction of evidence is commenced

under Rule 67.01; a motion for a directed verdict under Rule 72.01(a); a motion for judgment notwithstanding the verdict under Rule 72.01(b); a motion to amend the judgment, Rule 73.01(a)(3); a motion for relief from judgment or order under Rule 74.06(a) and (b), but see, Rule 74.06(c); and a motion for a new trial under Rule 78." *Id.* To determine when an appeal must be filed, all of

Rule 81.05(a). The application of this rule could permit the timely filing of a notice of appeal from an interlocutory, appealable probate order up to 120 days after its entry. I find that result inconsistent with the purpose of § 472.160.1(1)-(13), which is intended to allow expedited appeals from such orders. *In re Estate of Forhan,* 149 S.W.3d 537, 541 (Mo.App.2004).

Finally, it is worthy of note that Rule 74.01(a) defines the word "Judgment" as used in the rules of civil procedure to include "any order from which an appeal lies." Resort to this rule, however, is not authorized here. Rule 41.01 lists the rules of civil procedure which apply to probate proceedings, and Rule 74.01 is not among them. Rule 41.01(b). While the judge may order that other civil rules apply, a specific order to that effect is required. *Id.* No such order was entered in the case at bar. Accordingly, Rule 74.01 cannot be applied in this probate proceeding. *See State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549 (Mo. banc 1990); *State ex rel. Estate of Perry v. Roper,* 168 S.W.3d 577, 582 n. 4 (Mo.App.2005); *Care and Treatment of Burgess v. State,* 34 S.W.3d 430, 432 (Mo.App.2000). Because the rulings appealed in this case do not dispose of all claims and all parties, there is no judgment to which the provisions of Rule 81.05 could apply.

KENNETH W. SHRUM, Senior Judge, dissenting.

I respectfully dissent. In my view, this court's analysis in *In re Estate of Desterbecque,* 800 S.W.2d 142 (Mo.App.1990), was correct, and it is *In Re Estate of Forhan,* 149 S.W.3d 537 (Mo.App.2004), that should be overruled.

I cannot improve on nor clarify what *Desterbecque* said on this issue. The problem with *Forhan* is that it ignores the following well-established and previously

these motions are treated as a motion for new

unchallenged principles (as laid out in *Desterbecque* ): (1) that the time within which an appeal may be taken is a competent subject of the constitutionally granted rule-making power of the Supreme Court of Missouri, *Id.* at 147; (2) that the Rules of Civil Procedure which govern civil actions in the courts of appeal (including Rule 81.05) supersede all statutes, *Id.* at 146; (3) it is reasonable to presume that the legislature, when it enacted sections 472.180 and 472.210, intended that conflicts between statutory provisions and what the Rules of Civil Procedure provide about timely appeal should be resolved by applying the statutes as superseded by the rules, *Id.* at 147; and (4) sections 472.141 and 506.010 should be so construed. *Id.*

Applying those principles, as well as the rest of the *Desterbecque* analysis, I would hold that the notice of appeal filed in this case was timely filed.

In so stating, I find support in another case decided by this court, *In the Matter of Sweeney,* 899 S.W.2d 886 (Mo.App.1995). There, we noted with approval that *Desterbecque* held that Rule 81.05 is included in the rules referred to in sections 472.180 and 472.210, even though Rule 81 was not listed in the rules applicable to probate proceedings by Rule 41.01. *Sweeney,* 899 S.W.2d at 887–88. With that said, *Sweeney* continued:

"That leaves the question of whether the Motion for New Trial delayed the finality of the judgment until the expiration of ninety days after its filing or its earlier ruling. If it does not, then the appeal was untimely. Although Rule 78, pertaining to new trials and after-trial motions is not listed as applicable to probate proceedings in the circuit court, we have been pointed to no rule and find none that prevents their filing. Such motions were allowed at common law

trial. *Id.*

and are part of the common law adopted by Missouri."

*Id.* at 899 (citations omitted).

There is absolutely no reason not to liberally construe rules and statutes governing so-called "interlocutory" appeals of certain probate orders. The purpose for such appeals is to allow "many matters of importance to be resolved while the estate is open, and prevent[ ] one complex appeal from all matters that occurred during administration of the estate." *In re Estate of Erwin,* 611 S.W.2d 564, 567[2] (Mo.App. 1981). That purpose is not thwarted nor undercut by following the *Desterbecque* rationale.

More than that, adhering to *Desterbecque* and *Sweeney* is more in line with the common law allowance of after-trial motions in probate proceedings. Also, following these cases—as I believe we should—would be in keeping with what the Supreme Court of Missouri said in *State ex rel. Baldwin v. Dandurand,* 785 S.W.2d 547, 549[10] (Mo.banc 1990), namely, that "[s]tatutes relating to appeals from probate judgments [should be] liberally construed to extend rather than restrict the right to appeal." (Emphasis added.)

I respectfully suggest that the majority opinion, as well as the *Forhan* case, ignore these fundamental rules and, therefore, both are wrong. Since this is a case heard en banc by this court, I am in no position to certify it to the Supreme Court of Missouri per Rule 83.03. I would, however, do so if that were possible.