**UNITED STATES of America,**
**Appellee,**

v.

**Fred CLINE and wife, Luzene Cline,**
**Appellants.**

**No. 11559.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 4, 1967.

Decided Jan. 8, 1968.

See also, D.C., 225 F.Supp. 488.

---

Emerson D. Wall, Asheville, N. C. (Herbert L. Hyde, and Van Winkle, Walton, Buck and Wall, Asheville, N. C., on the brief) for appellants.

A. Donald Mileur, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, and William Medford, U. S. Atty., on the brief) for appellee.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

In this land dispute with the United States, Fred and Luzene Cline appeal the District Court's marking on the ground the line it had previously adjudged to be the common boundary in July 1924, the critical date, between their property and that of the Government.[1] The physical placement of this delineation on the ground was delegated to a special master who was a surveyor. The Clines' argument for reversal is that he acted in a prejudicial dual capacity, a master and at the same time actually an expert witness called by the District Court. Thus, that while he heard evidence as to the correct location of the division line, he relied for his determinations as master upon the results of his own observations and excavations as a surveyor. As the Clines could not examine him as a presiding master, they say they were thereby deprived of the right to interrogate him upon his survey and implementation of the judgment.

The master's report described the terrain of the land, set forth the relative position of the Cline occupancy and noted the difficulties of accurately running the 1924 contour levels because of subsequent excavations and artificial fills. These and natural changes in the land surface, the master candidly confessed, prevented the exactness desirable in a survey. Nevertheless, after monumenting several points, he prepared a map showing his findings, submitted it to the trial counsel and conferred with them upon it. At the request of the Clines' attorney to present evidence, the master heard the tes-

1. The factual and judicial history of this controversy appears in the first appeal, United States v. Cline, 4 Cir., 307 F.2d 282 (1962), and continues through the subsequent opinion of the District Court fixing the boundary line, United States v. Cline, D.C., 225 F.Supp. 488 (1964), affirmed in United States v. Cline, 4 Cir., 344 F.2d 954 (1965).

timony of their surveyor and received his accompanying maps. No other proof was offered. The District Court, after hearing Clines' exceptions to the report, confirmed the master's demonstration of the abuttal of the Government and the Cline properties.

■ Had the appellants explicitly advised the District Judge of the apprehended conflict in the functions of the master, doubtlessly he would have at once recognized and salved their anxiety. The point was not made in the exceptions but it was urged, although lamely, in the hearing on them. Despite this fault in the procedure they pursued, we think the Clines ought to be allowed to press the master upon his findings and conclusions. Actually, the master was selected by the Court, quite advisably and altogether permissibly, as an expert to execute the Court's definition of the line, rather than as one to perform the duties of a master as the law commonly knows that office. Thus he was subject to questioning by either party.[2]

To remove any possible harm to the Clines by reason of the misunderstanding of the master's status, we will vacate the decree putting in effect the boundary line as laid out in his report. The cause will be remanded to the District Court to let the Clines examine the master-surveyor on his report and its effectuation, and adduce the testimony of their surveyor as well as any other pertinent evidence they may have. The Government should be given leave to submit rebuttal evidence. All of these subsequent proceedings should be before the Court.

On consideration of the supplementary proof, including the earlier report of the master and the evidence produced before him, the District Court may adopt the first or such other line as it deems correct. In this hearing and decision we will ask Judge Craven to act as the trial judge, because of his familiarity with this extended litigation.[3]

■ On this appeal error was also assigned to the failure of the District Court to treat, as conclusive, concessions made by Government counsel at a prior stage of the case. This, we think, was a matter for the judgment of the judge and we find no mistake in it.

■ Another error assignment is the acceptance by the District Court of the master's line when he acknowledged an inability to be entirely certain of its location at certain places. This objection may not arise after the remand, but because it is now before us and because its immediate resolution may expedite the termination of this controversy, we express our view that the action of the Court was not erroneous. It was a careful consideration and solution of an otherwise almost impossible situation. Precise proof was not available and the best the Court could do towards reaching a just and fair determination was to take expert advice in the circumstances, including reception of the appellants' proof.

■■ With regard to the fee of the master and of a like expert or master subsequently named, we believe the fees should be assessed one-half against the Clines and one-half against the Government. The reason is that while initially the case was in nature an ejectment action by the Government against the Clines, it now appears in reality to be a boundary adjustment of equal importance to both parties. However, the costs incident to this immediate appeal should be taxed only against the Clines, because they were largely blamable for the need of this appeal, having failed clearly to assert the principal ground therefor in the District Court.

2. For cases illustrative of the appointment of an expert as a court witness, whether designated as a master or otherwise, with leave to the litigants to interrogate him, see Danville Tobacco Association v. Bryant-Buckner Associates, Inc., 333 F.2d 202, 208 (4 Cir. 1964); Scott v. Spanjer

Brothers, Inc., 298 F.2d 928, 930, 931, 95 A.L.R.2d 383 (2 Cir. 1962).

3. Judge Craven is now a member of this court but, if willing, he can be designated to sit in the District Court to conduct the further proceedings in this case.

The judgment on appeal will be vacated and the action remanded to the District Court for proceedings consistent with this opinion.

Vacated with directions.