Albert H. WILLS and Anita F. Wills, his wife, Plaintiffs-Respondents,

v.

Andrew MEADOR and Leota Meador, his wife, Defendants-Appellants.

No. 12417.

Missouri Court of Appeals, Southern District, Division Three.

Aug. 17, 1982.

L. Dwayne Hackworth, Piedmont, for plaintiffs-respondents.

Robert R. Shepherd, Lorch & Ramshur Law Offices, P.C., Piedmont, for defendants-appellants.

PREWITT, Judge.

At dispute is the boundary line between land owned by plaintiffs and defendants. Following trial and entry of a judgment, a new trial was granted. Thereafter, the judge who tried the case was disqualified and the cause reassigned. On July 2, 1980, the successor judge ordered a survey to be made of the disputed area. Pursuant to that order survey plats were filed on October 17, 1980.

On January 8, 1981, the case was assigned to the Honorable Frank G. Mack and submitted to him on the basis of a transcript of the testimony heard at the initial trial. On July 14, 1981, judgment was entered declaring "that the boundary line between the Wills farm and Meador farm shall be and is hereby determined to be the section line between Section 18 and 19" shown on the survey ordered by the court. Defendants appealed.

Defendants contend that the court erred in determining that the property line was to be the section line shown on the survey because the survey was not prepared in a manner entitling it to be used by the court and defendants were not given an opportunity to examine the surveyor. The trial court's authority to direct a survey was not disputed but after the survey plats were filed defendants questioned the survey and requested an opportunity to challenge it.

■ Where the evidence leaves a description of property uncertain, trial courts have the power to direct a survey to determine the facts necessary for a proper judgment and to tax the expense of the survey as cost. *State ex rel. County of Shannon v. Chilton,* 626 S.W.2d 426, 429–430 (Mo.App. 1981); *Allen v. Smith,* 375 S.W.2d 874, 883 (Mo.App.1964). See also 11 C.J.S. Boundaries § 121, p. 736. However, a judgment cannot be based on an improper survey. *Probst v. Probst,* 595 S.W.2d 289, 291 (Mo. App.1979). See also *Roberts v. Harms,* 627 S.W.2d 924, 926 (Mo.App.1982); *Cornelius v. Tubbesing,* 593 S.W.2d 609, 610 (Mo.App. 1980); *Wells v. Elder,* 544 S.W.2d 258, 259 (Mo.App.1976).

■ Defendants should have received an opportunity to challenge the survey. The parties are entitled to question a surveyor appointed by the court in the same manner as any expert called as a court witness. *United States v. Cline,* 388 F.2d 294, 296 (4th Cir. 1968). See also *In re S— M— W—,* 485 S.W.2d 158, 162–164 (Mo. App.1972); *H— B— v. R— B—,* 449 S.W.2d 890, 893 (Mo.App.1970).

■ The judgment is reversed and the cause remanded to the trial court for a hearing to determine if the survey was properly made and if so, the court may reenter the present judgment, or if not,

may order additions or corrections to the survey or a new survey if necessary, and may thereafter enter judgment.

GREENE, C.J., BILLINGS, P.J., and FLANIGAN and MAUS, JJ., concur.