Leon A. ENDERLE, Edward S. Enderle, Charles B. Glueck and Caroline A. Glueck, Plaintiffs–Respondents,

v.

Wade C. ROBERT, Defendant–Appellant.

No. 18537.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 29, 1993.

Francis J. Siebert, Scott City, for plaintiffs-respondents Leon A. Enderle and Edward S. Enderle.

Richard G. Steele, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for plaintiffs-re-

spondents Charles B. Glueck and Caroline A. Glueck.

King E. Sidwell, Blanton, Rice, Sidwell & Ottinger, Sikeston, for defendant-appellant.

PREWITT, Judge.

Boundary line dispute. Defendant contends the trial court erred in establishing the line according to a survey by the county surveyor who the court appointed to make that survey. He contends that following this survey, "went against the weight of the evidence and misapplied the law of Missouri." Defendant also contends that if the court finds that the survey was correct he should have been declared the owner of the disputed property by reason of adverse possession.

■ In this nonjury matter review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990).

■ This court sets aside a judgment on the ground that it is against the weight of the evidence only when it has a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman,* 783 S.W.2d 164, 165 (Mo.App. 1990). As no findings of fact were requested or made, the facts shall be considered as having been found in accordance with the result. Rule 73.01(a)(2).

Due regard is given to the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(2). "Credibility of the witnesses is generally a question for the trial court which may disbelieve testimony even when uncontradicted." *Citizen State Bank v. Krewson,* 822 S.W.2d 580, 581 (Mo. App.1992). "The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record." *Kelley v. Prock,* 825 S.W.2d 896, 897 (Mo.App.1992).

■ Defendant's claim of title by adverse possession puts the burden on him of proving each element necessary to establish it. *Dambach v. James,* 587 S.W.2d 640, 642 (Mo.App.1979). "These elements are possession that is (1) hostile, that is, under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous, for ten years prior to commencement of the action." *Id.* at 642–643. Failure to prove each element prevents title being granted by adverse possession. *Id.* at 643. If the survey is correct, then defendant did not have color of title to the property. If he had color of title less weight might be required to support his claim of adverse possession. *Id.*

■ Numerous cases say surveys of the county surveyor, when made in accordance with relevant statutes, are prima facie evidence of their correctness, but not conclusive. See *Morris v. Nowell,* 180 S.W.2d 717, 718 (Mo.1944); *City of Marshfield v. Haggard,* 304 S.W.2d 672, 677 (Mo.App.1957); Wilkie Cunnyngham, *Making Land Surveys and Preparing Descriptions to Meet Legal Requirements,* 19 Mo.L.Rev. 234, 256–257 (1954).

The cases stating that the county surveyor's survey shall be prima facie correct were based on the portion of § 60.150, RSMo Supp.1989, stating that "No survey or resurvey, hereafter made by any person, except that of the county surveyor or his deputy, shall be considered legal evidence in any court in this state." That sentence or a clause containing its exact language apparently predates 1909.

Section 60.150 was amended in 1991. The section, RSMo Supp.1991 now reads:

60.150. **What survey shall be legal evidence, standards for survey—expires August 28, 1996.**—1. No survey or resurvey made hereafter shall be admitted into evidence in any court in this state unless it is made by a registered land surveyor, and it can be shown that the survey is located by measurements to monuments of the section, United States survey, subdivision, or other unit in which the property is legally described. A survey may not be rejected, after August 28, 1991, solely on the grounds that it did not commence at a government corner.

2. The provisions of this section shall expire on August 28, 1996.

Trial of this matter commenced on May 16, 1990. Thereafter, the court appointed the county surveyor to conduct a survey to determine the disputed line. That survey apparently was initially completed prior to a further evidentiary hearing held on August 14, 1991. The survey was marked as Court's Exhibit 1, but never offered or received in evidence.[1]

The August 1991 hearing and the final one held on August 17, 1992, regarded the county surveyor's survey of the line, the latter hearing primarily pertaining to his final survey dated May 18, 1992. Judgment was entered on October 26, 1992, determining the boundary line as that established by the county surveyor. On November 17, 1992, the judgment was amended by adding a matter not an issue on this appeal.

The change in § 60.150 took effect on August 28, 1991. Based upon the change in the statute, there is no longer any basis for saying that the county surveyor's survey is prima facie correct. Two of the hearings took place before that date but the only survey by the county surveyor before us is dated May 18, 1992, and admitted into evidence on August 17, 1992. Therefore, we conclude that the county surveyor's survey before us is not entitled to any presumption or prima facie status but is to be considered the same as that by any other registered land surveyor.[2]

 Nevertheless, the trial court could properly find the county surveyor's survey to be correct. It closely followed the line of another surveyor and no definite error in it was shown. There was evidence that the government corner was "lost" and that the survey proceeded properly in locating it.

See § 60.315, RSMo Supp.1991. Deferring to the trial judge's finding as to the credibility of the witnesses, no error under our limited review has been established.

 Regarding the claim of adverse possession, the trial court did not have to believe defendant's evidence on this issue. Defendant's use of the land was slight and occasional at best. The court could properly have determined that defendant did not meet his burden of proof on adverse possession in one or more of its particulars.

The judgment is affirmed.

FLANIGAN, P.J., and CROW, J., concur.

---

1. That survey is not in the record. Instead, "Court's Exhibit 1" is a letter from the judge dated April 17, 1992, to the county surveyor with additional instructions for him in regard to the survey. Apparently those changes or the additional survey was completed on May 18, 1992. The latter survey was marked and offered in evidence and is filed here.

2. The trial court proceeded in an authorized manner in appointing the county surveyor and in the proceedings thereafter. "Where the evidence leaves a description of property uncertain, trial courts have the power to direct a survey to determine the facts necessary for a proper judgment and to tax the expense of the survey as cost." *Wills v. Meador*, 638 S.W.2d 297, 298 (Mo.App.1982). "The parties are entitled to question a surveyor appointed by the court in the same manner as any expert called as a court witness." *Id.*