Dorothy Etta **HOELSCHER**, Jeffrey A. **Hoelscher**, Linda **Hoelscher** and Nina **Nordwald**, Appellants,

v.

Dean R. **SIMMEROCK** and Doris M. **Simmerock**, Respondents.

No. **WD 50903**.

Missouri Court of Appeals, Western District.

May 14, 1996.

Robert C. Jones, Alan L. Farkas, Jones, Korum, Waltrip & Jones, Clayton, for appellants.

Kenneth O. McCutcheon, Jr., Woolsey and Yarger, Versailles, for respondents.

Before ULRICH, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

BRECKENRIDGE, Judge.

Dorothy Etta Hoelscher, Jeffrey A. Hoelscher, Linda Hoelscher and Nina Nordwald (the "Hoelschers") appeal from the trial court's judgment which found Dean R. Simmerock and Doris M. Simmerock entitled to an easement across the property of the Hoelschers. The Hoelschers contend that the trial court erred by failing to declare the easement void as a matter of law, because the deed purporting to grant the easement was ambiguous as to its purpose and location. The judgment of the trial court is affirmed.

In reviewing the judgment of a court-tried case, this court views the evidence and permissible inferences drawn therefrom in a light most favorable to the judgment. *Homan v. Hutchison,* 817 S.W.2d 944, 947 (Mo.App.1991). The judgment of the court will be affirmed unless it is against the weight of the evidence, there is insufficient evidence to support it, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Prior to November 19, 1988, Gary L. Blecke and Patricia K. Blecke owned Lots 62 and 63 of a subdivision located near the Lake of the Ozarks in Morgan County, Missouri. Lot 62 is on the "lake tier," with a lakefrontage of approximately fifty feet. Lot 63 is on the "second tier," above and behind Lot 62, without direct access to the lake. On November 19, 1988, the Bleckes sold part of Lot 63 to Dean Simmerock, a single person, and Doris Hayes, a single person. The deed granted them three easements, the third of which is the basis for this appeal. The first easement was an easement "of ingress and egress and for the parking of motored vehicles." The second easement granted the Simmerocks access to the Lake of the Ozarks and was described as follows:

From the Eastern most corner of said Lot 63, said point being common to the Southern most corner of Lot 64 in said subdivision, thence North 20° 22' West along the Easterly line of said Lot 63, a distance of 307.39 feet, thence leaving said Easterly line and run South 62° 22' West 74.78 feet, thence North 11° 37' West 61.33 feet, thence South 80° 48' West 28.57 feet for the point of beginning of said easement herein described, thence continue South 80° 48' West 10.67 feet to the Westerly line of said Lot 63, thence along said Westerly line North 29° 35' West (Plat–North 28° 28' West) 83.15 feet, more or less, to the variable waters edge of the Lake of the Ozarks, thence along said variable waters edge in an Easterly direction to a point which bears North 30°, 27' West from the point of beginning, thence leaving said waters edge and run South 30° 27' East 82.7 feet, more or less, to the point of beginning.

The Simmerocks use a series of wooden steps over this easement (the "lake access easement") to get to the lake. The deed than granted the Simmerocks a third easement, described as:

an easement along the waters edge extending 15 feet from the waters edge corner of the Lake Access Easement above described to and in front of the waters edge of Lot 62 of Indian Creek Addition Corrected Plat, Minifarms Section 3, a subdivision in Morgan County, Missouri.

The Simmerocks later conveyed the property and easements described above to themselves, as husband and wife. On March 17, 1989, the Bleckes sold part of Lot 62 to the Hoelschers. The deed conveying the property stated that it was "subject to easements and restrictions of record."

On January 14, 1994, the Hoelschers filed a two-count petition against the Simmerocks. The first count sought the trial court's determination of the parties' interest in the property owned by the Hoelschers and asked the court to quiet title by "extinguishing" the third easement. The second count contended that the Simmerocks had trespassed upon the Hoelschers' property by constructing and using a boat dock on it.

At trial, the Simmerocks presented the testimony of Mr. Blecke and Ms. Simmerock to establish the location and purpose of the third easement. Mr. Blecke testified that he intended to give the Simmerocks a ten-foot easement "to get them to the lake" and a fifteen-foot easement "for a boat dock." He intended the third easement to be located in the northeast corner of Lot 62, running fifteen feet along the shoreline. The purpose of this third easement was to give the Simmerocks "room to put a dock in front of this 10 foot down to the lake." Ms. Simmerock testified that she believed the deed gave her "a 10–foot easement going to the lake, then an extension to the left 15 more." She believed the purpose of the third easement was to allow her room for a boat dock.

In 1988, when Mr. Blecke sold part of Lot 63 to the Simmerocks, a dock was already in place in front of the lake access easement. The Simmerocks replaced this dock "about a year afterwards" with one that included a "ramp" attached to the shoreline of the Hoelschers' property. The ramp was not used as a walkway, but as a brace for the second dock. The ramp to the Simmerocks' dock extends approximately eight feet onto the Hoelschers' property and is approximately four feet wide.

The Hoelschers introduced the testimony of Gerard J. Harms, a land surveyor. On September 12, 1994, Mr. Harms conducted a survey of the property owned by the Hoelschers and attempted to locate the third easement. He testified that he was unable to precisely locate it, because he could not locate the easement's point of origin or determine its dimensions.

The trial court entered judgment in favor of the Simmerocks, finding that they were entitled to a fifteen-foot easement across the shoreline of the Hoelschers' property, beginning at the corner of the lake access easement. The court also found in favor of the Simmerocks on count two of the petition. The Hoelschers do not contest the court's ruling as to the second count.

■ The Hoelschers' sole point on appeal alleges the description of the third easement is "patently ambiguous and uncertain in that the description fails to recite any purpose,

dimensions, or identifiable point of origin." The Hoelschers contend the court should have declared the third easement void as a matter of law.

An easement entitles its owner to a limited use or enjoyment of the land of another. *Gilbert v. K.T.I., Inc.,* 765 S.W.2d 289, 293 (Mo.App.1988). Although an easement does not convey the right of possession, it is an interest in land. *Id.* In general, "any description in the conveyance of an interest in real property is sufficient if it affords the means of identification of the property." *Czarnecki v. Phillips Pipe Line Company,* 524 S.W.2d 153, 157 (Mo.App.1975). The description is sufficient unless, "after resorting to oral proof or after relying upon other extrinsic or external proof or evidence, that which was intended by the instrument remains mere matter of conjecture." *Id. See also Hamburg Realty Company v. Woods,* 327 S.W.2d 138, 150 (Mo.1959).

A deed may create an easement even though the deed fails to provide a precise location for the easement. *Hall v. Allen,* 771 S.W.2d 50, 53 (Mo. banc 1989). If the exact location of an easement is not described in the deed conveying it, the grantee is entitled to a convenient, reasonable and accessible use. *Id.* In *Hall,* the Missouri Supreme Court upheld an easement described as "free access to Lake in front of Lot 14, Block 6." *Id.* The Court noted that a path had been maintained to the lake for several years, establishing the location of the easement by usage. *Id.*

Here, the location of the third easement was described in reference to the lake access easement. The lake access easement is a ten-foot right-of-way running from the Simmerocks' property to the shoreline. Its purpose is to give the Simmerocks access to the lake, and does not cross the Hoelschers' property. The third easement was then created to give the Simmerocks room to maintain a boat dock. According to the deed, the third easement extends fifteen feet along the shoreline of Lot 62, starting from the waters edge corner of the lake access easement.

The testimony of Mr. Blecke, the grantor of the easements, and Ms. Simmerock, a grantee, reinforce the language of the deed. Mr. Blecke testified that he intended to give the owner of Lot 63 an easement for access to the lake and another easement to maintain a boat dock fifteen feet across the property of Lot 62, leaving the owner of Lot 62 thirty-five feet for his own dock. Ms. Simmerock similarly testified that she believed the deed granted her a fifteen-foot easement along the shoreline of Lot 62 for the maintenance of a boat dock.

The intentions of the parties are supported by the usage of the easement. A boat dock was in place in front of the lake access easement when Mr. Blecke conveyed part of Lot 63 to the Simmerocks. The Simmerocks used this dock for approximately a year and then replaced it with one which was slightly larger. Both docks were used by the Simmerocks in conjunction with the lake access easement. The property subject to the third easement was sufficiently identified by the language of the deed and by the testimony of Mr. Blecke and Ms. Simmerock to prevent its location from being a "mere matter of conjecture." *Czarnecki,* 524 S.W.2d at 157.

Just as an easement may be created by grant without a description of its precise location, the grant of an easement need not declare a specific purpose. *Horrighs v. Elfrank,* 727 S.W.2d 910, 915 (Mo. App.1987). An easement which is granted in general terms, without limitation as to its use, "may be used for any purpose to which the land accommodated by the way may naturally and reasonably be devoted...." *Id.* (*quoting Kelly v. Schmelz,* 439 S.W.2d 211, 213 (Mo.App.1969)). *See also* 28A C.J.S. Easements § 160. In characterizing the deed granting the easement, the court may consider how the easement was previously used. *Horrighs,* 727 S.W.2d at 915.

In *Horrighs,* a plat of a subdivision designated certain lake-front property as a "Park," entitling the owners of other lots in the subdivision use of the property. *Id.* at 911–12. The southern district of this court held that the language in the plat created an easement, even though the easement was granted in general terms. *Id.* at 915. In determining the scope of the easement, the court considered not only the easement's lo-

cation but also evidence that other lot owners in the subdivision had used the property for social gatherings, a playground, access to the lake, and the installation and use of a dock. *Id.* The court held that the lot owners in the subdivision were entitled to an easement on the lake-front property for "park purposes" such as those previously used by them, including the maintenance of a community dock. *Id.* at 916.

Here, the deed grants the third easement in general terms and the Simmerocks are entitled to reasonable use of it. Certainly, a natural and reasonable use of an easement along the shoreline of a lake includes the attachment of a boat dock. The Simmerocks' usage of the third easement as such supports this characterization. The trial court did not err in finding that the Simmerocks were entitled to an easement starting from the waters edge corner of the lake access easement and extending fifteen feet to the west along the shoreline of Lot 62.

The judgment of the trial court is affirmed.

All concur.