**STANDARD PROFESSIONAL SERVICES, INC., Plaintiff/Appellant,**

v.

**Timothy TOWERS and Antoinette Towers, Defendants/Respondents.**

No. 69802.

Missouri Court of Appeals, Eastern District, Division Two.

May 27, 1997.

Armstrong, Teasdale, Schlafly & Davis, Christopher W. Dysart, Patrick J. Kenny, St. Louis, for Plaintiff/Appellant.

Timothy Towers, St. Louis, for Defendants/Respondents.

PUDLOWSKI, Judge.

This is an appeal by Standard Professional Services, Inc. (Standard) from a judgment entered on behalf of Mr. and Mrs. Timothy Towers (Towers). Because the trial court misconstrued Standard's petition and misapplied the law, we reverse and remand.

## I. Background

In reviewing the facts, we do so in the light most favorable to the judgment. *Hoelscher v. Simmerock*, 921 S.W.2d 676 (Mo.App. W.D.1996). In June 1989 the Towers entered into a four year lease for medical

equipment from Standard. The lease called for monthly payments of $310 to be paid by the tenth of every month and designated the Towers responsible for returning the equipment at the end of the lease period. The lease also provided, under paragraph 5, for a five percent fee to be levied on any late payment. Over the course of the four year lease, the Towers failed to make timely payments on thirty-three (33) different occasions.

When the Towers failed to return the equipment at the end of the lease period, Standard brought suit seeking late payment fees and attorney's fees. Standard also sought rental payments owed from the end of the lease until the present. In the alternative to owed rental payments, Standard sought the fair market value of the medical equipment under a theory of conversion, arguing the Towers had converted the equipment when they failed to return it.

In August 1995 a bench trial was held. The trial court found that over the course of the four year lease the Towers were late thirty-three times in their rental payments, but had overpaid Standard $590 in rental payments over the course of the lease. The court construed Standard's petition, which sought $7,570 in owed rental payments, as seeking $7,570 in late fees under paragraph 5 of the lease. The court did not address Standard's alternative theory of conversion or its request for attorney's fees. From this order and judgment Standard appeals.

## II. Standard of Review

■ Ordinarily from a bench-tried case the judgment of the trial court will be reversed only if there is no substantial evidence to support it, it is against the weight of the evidence, or the judgment erroneously declares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). But where the issue on appeal is not the sufficiency of the evidence, the reviewing court is not bound by and need not defer to the trial court's conclusions regarding the legal effect of its findings of fact. Furthermore, where the evidence is not controverted, no deference is due the trial court's judgment. *Bremen Bank and Trust Co. Of St.*

*Louis v. Muskopf,* 817 S.W.2d 602, 604 (Mo. App. E.D.1991). Our review then is essentially *de novo. United Serv. Auto. Ass'n Cas. v. Sorrells,* 910 S.W.2d 774, 776–77 (Mo. App. E.D.1995). With these guidelines in mind we now turn to Standard's appeal.

## III. Standard's Appeal

■ In its first point on appeal Standard argues the conscionability of paragraph 5 (the late penalty clause) was not raised during trial and as such the trial court improperly decided paragraph 5 was unconscionable. We agree.

It is clear from the trial court's order that it believed Standard's request for $7,570 in rents owed from the end of the lease to the present was actually an amount owed in late penalty fees from the original lease under paragraph 5: "[Standard] claims [the Towers] owe an additional $7,570.00, relying on a provision in the lease providing for late charges which reads. . . ." Based upon this clause, the trial court held paragraph 5 was unconscionable as a matter of law. The court then stated that the parties had been afforded a reasonable opportunity to present evidence about paragraph 5 at trial, even though no motion had been made by either side and there had been no mention of "unconscionability" at trial.

In reviewing Standard's petition and all of the evidence presented to the trial court, Standard's request for $7,570 was not wholly a request for late penalty fees but was a request for rents owed from the time the lease ended until the present in the amount of $7,440.00 and late fees in the amount of $130.00. This was clearly alleged in the petition. It was uncontested at trial that the Towers are still in possession of Standard's medical equipment and that the Towers never entered into an agreement to purchase the equipment. Thus, the trial court's conclusion that Standard's request for $7,570 was for late penalty fees is erroneous.

The court also erred because the issue of unconscionability was not properly before the trial court. No motion was made either by the parties or by the court. Without such a motion, the statute prohibits the court from

finding the lease unconscionable. § 400.2A–108(2) provides:

> Before making a finding of unconscionability under subsection (1), the court, on its own motion or that of a party, shall afford the parties a reasonable opportunity to present evidence as to the setting, purpose, and effect of the lease contract or clause thereof, or of the conduct.

Standard's petition also requested an award of late penalty fees, so the issue of unconscionability may be raised again on remand. If the trial court or Powers wants to raise the issue of the unconscionability of paragraph 5 on remand, the trial court must give Standard a reasonable opportunity to present evidence about paragraph 5. § 400.2A–108(2). RSMo.

Based upon the discussion above, the trial court's misinterpretation of Standard's request for rents owed from the end of the lease until the present prevented it from addressing the issue of rents due or, in the alternative, whether the medical equipment had been converted. On remand the trial court must make a determination whether an agreement had been reached between Standard and the Towers to purchase the equipment at the end of the lease period or, if no agreement was reached, the amount of money Standard is due.

Finally, we note the trial court's misinterpretation prevented it from addressing the issue of reasonable attorney's fees as provided for in the lease agreement. On remand, the trial court must determine whether attorney's fees are appropriate in this instance and, if so, what reasonable attorney's fees Standard is entitled to receive.

Judgment reversed and remanded.

CRANE, P.J., and GERALD M. SMITH, J., concur.