**Reba HELGESON, Plaintiff–Respondent,**

v.

**Gene V. OCHS and Joyce A. Ochs,
Defendants–Appellants.**

**No. 21571.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 11, 1997.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for Defendants–Appellants.

Stephen P. Seigel, Springfield, for Plaintiff–Respondent.

Before GARRISON, P.J., and PREWITT and CROW, JJ.

PER CURIAM.

Following non-jury trial, the trial court entered "Findings of Fact, Conclusions of Law, and Judgment." In that document, the court noted that due to a previous case "and conflicting legal descriptions, the ownership and location of the roadway is in dispute." The court then determined that Plaintiff was the owner of a 20–foot strip, but "ordered that a survey be had to determine the location of the roadway with certainty."

Plaintiff was to obtain such a survey, and apparently the same was filed with the court. Defendants–Appellants sought to have the judgment "amended to clarify the location of the 20 foot strip." That motion was denied. On appeal, one of Appellants' contentions, is the assertion that the judgment was inadequate as it "did not describe the land with certainty in that it improperly required proof from an external source, without a hearing, as to the location of the 20 foot easement."

The trial court had the authority to order a survey to determine the facts necessary for a proper judgment. *Wills v. Meador*, 638 S.W.2d 297, 298 (Mo.App.1982). However, having done so, if the court wishes to rule in accordance with the survey then the legal description from the survey should be made a part of the judgment. Having not done so, there is no final appealable judgment. The predecessor of this District stated in *Allen v. Smith*, 375 S.W.2d 874, 882 (Mo.App.1964):

> [I]t may be stated as a general rule that, in a suit to establish or protect privileges with respect to a right of way the location and limits of which are in dispute, "the right of way involved should be definitely described in the judgment, at least so that its location, with the aid of such description, could readily be located; and the width of the way should be made clear."

In *Sherman v. Wilson*, 928 S.W.2d 897, 898 (Mo.App.1996), the Court stated:

> A judgment affecting real estate must describe the land in question with enough certainty to support a later conveyance of the property. [citing case] A judgment that fails to adequately describe the disputed property leaves open the possibility of future adjudication relating to the scope of the property affected by the judgment. Thus, appellate review of such a judgment is premature.

As did the Court in *Sherman*, we conclude that the "judgment" here, by not adequately setting forth the legal description is not an order or proper judgment from which an appeal can be taken. *See also Pinewoods Associates v. W.R. Gibson Dev. Co.*, 783 S.W.2d 478, 481 (Mo.App.1990); *First State Sav. Bank v. Peters*, 797 S.W.2d 574, 575 (Mo.App.1990); *Four Seasons Lakesites Property Owners Ass'n v. Dungan*, 781 S.W.2d 269, 271 (Mo.App.1989).

The appeal is dismissed and the cause remanded to the trial court for further proceedings consistent with this opinion and for entry of a proper judgment.