**Reba Baugh HELGESON,**
**Plaintiff–Respondent,**

v.

**Gene V. OCHS and Joyce A. Ochs,**
**Defendants–Appellants.**

No. 22351.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 1999.

Richard D. Bender, Springfield, for appellants.

Stephen P. Seigel, Springfield, for respondent.

ROBERT S. BARNEY, Judge.

This is the second appeal involving a 20 foot wide easement (easement) traversing a portion of Respondent Reba Baugh Helgeson's (Respondent) 120 acre tract of land (farm), located in Stone County, Missouri. Gene V. Ochs and Joyce A. Ochs, husband and wife, (Appellants) bring the present appeal from the second judgment entered by the Circuit Court of Stone County, Missouri, declaring Appellants to be owners of the easement, as more particularly described by a post-trial survey ordered by the trial court and incorporated into the trial court's second judgment.

In its first judgment, the trial court determined that the easement was best described by a 1918 deed which conveyed a 20 foot wide easement to Appellants' predecessors in title and ordered a post-trial legal survey "to describe the location of the roadway with certainty. . . ." However, the legal survey's description was not incorporated into the first judgment. In *Helgeson v. Ochs,* 957 S.W.2d 486, 487 (Mo.App.1997), we determined that the trial court's first judgment relating to this matter did not adequately set forth the legal description of the easement in question and that consequently there was no final appealable judgment. We remanded to the trial court for further proceedings consistent with our opinion and for the entry of a proper judgment from which an appeal could be taken. *Id.* Accordingly, the trial court subsequently incorporated the legal description of the easement, as described by its

originally ordered legal survey, into its second judgment (judgment), from which Appellants now bring their present appeal.

Appellants are the owners of real property, inclusive of a subdivision named Rivermeade Ranch, located north and west of Respondent's farm. The trial court's judgment recognizes Appellants' right of ingress and egress over the easement that eventually connects a portion of their real property to Highway "V" in Stone County. For clarity, we set out an unscaled diagram of the farm.

The location of the easement, as determined by the trial court, is based on the 1918 deed, as previously mentioned, and as approximately described in the post-trial legal survey. It is depicted on the diagram by the lines connecting points "A", "C" and "D". At trial, Respondent averred that these lines were congruent with the correct, physical location of the easement. On the other hand, Appellants contended at trial that the approximate location of the easement in question was the 20 foot wide easement depicted on the diagram by the lines connecting points "A" and "B" and further connecting with a 30 foot wide easement (not in contention in the present appeal) in the northeastern part of the farm that then led into Highway "V". Appellants averred that this comported with the description of a 20 foot wide easement, set out in a 1949 judgment rendered by the Circuit Court of Greene County in Case No. 21648.

In their first point of trial court error, Appellants contend the description found in the 1949 judgment correctly described the easement in question. Appellants assert the parties are bound by principles of res judicata to observe the description of the easement

as set out in the 1949 judgment and the trial court erred in finding otherwise. Secondly, Appellants maintain the trial court erred because the instant judgment was not supported by substantial evidence in that the "data from which the legal survey was made was not distinctly proven."

"Review is under Rule 73.01. As interpreted, that rule requires that we sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Moss Springs Cemetery Ass'n v. Johannes,* 970 S.W.2d 372, 374 (Mo.App.1998). "We consider the evidence here in the light most favorable to the verdict, giving [R]espondent the benefit of all reasonable inferences." *Roush v. Sandy,* 871 S.W.2d 98, 101 (Mo. App.1994). Moreover, "[w]e do not substitute our judgment for that of the trial court on credibility issues." *Mayes v. Mayes,* 941 S.W.2d 37, 39 (Mo.App.1997).

As a general rule "[a] party holding an easement with a right to use the land for a particular stated purpose does not hold title to the property affected by that ease-

ment." *Baum v. Glen Park Properties*, 660 S.W.2d 723, 726 (Mo.App.1983). "Although an easement does not convey the right of possession, it is an interest in land." *Hoelscher v. Simmerock*, 921 S.W.2d 676, 679 (Mo.App.1996). This Court has also stated that as a general rule:

> [I]n a suit to establish or protect privileges with respect to a right of way the location and limits of which are in dispute, 'the right of way involved should be definitely described in the judgment, at least so that its location, with the aid of such description, could readily be located....

*Allen v. Smith*, 375 S.W.2d 874, 882 (Mo.App. 1964). Less detail and precision should be and is demanded in describing and defining the route of a country road or way of access across a farm than in fixing and limiting a driveway easement between city lots. *Id.* at 883. The same detail and precision logically should not be, and usually is not, required with respect to the route of a long-established and well-defined road as with respect to the route of a road not so established and detailed. *Id.* Thus, it appears that the extent of detail and the degree of precision required in country road cases is that sufficient to enable a person going upon the land to find and identify the way by reference to such description. *Id.*

■ Additionally, it has been held that "if an easement in land is created in general terms but without giving a definite location and description, a selection may be inferred within the boundaries of the land over which the right is granted by proof of the use of a particular course or way on the part of the grantee or owner of the dominant estate along with the acquiescence of the grantor or owner of the servient estate." *Edward Runge Land Co. v. Busch*, 594 S.W.2d 647, 650 (Mo.App.1980). "[W]here no definite location is given as to the easement, the course over which it is to be exercised can be fixed in either of two ways, that is, by express agreement or by a selection that can be inferred by proof of the use of a particular way." *Id.* A description in the conveyance of an interest in real property is sufficient unless, "after resorting to oral proof or after relying upon other extrinsic or external proof

or evidence, that which was intended by the instrument remains [a] mere matter of conjecture." *Hoelscher*, 921 S.W.2d at 679.

■ In review of Appellants' first allegation of error they maintain that the parties are bound under principles of res judicata to observe the description established in the 1949 judgment. We disagree.

The 1949 judgment described a 20 foot easement of necessity granted to Vernon and Eva Mast, Appellants' predecessors in title, as being located across the following tract of land belonging to [Respondent's parents], to-wit:

> West One-half (W1/2) of the Southwest Quarter (SW1/4) and Northeast Quarter (NE1/4) of Southwest Quarter (SW1/4) of Section 13, Township 25, Range 23, Stone County, Missouri.

The judgment further ordered that the Masts shall "have the free right of passage over a strip of land 20 feet wide across the following described land," to-wit:

> The West one-half (W1/2) of the Southwest Quarter (SW1/4) and the Northeast Quarter (NE1/4) of the Southwest Quarter (SW1/4) of Section 13, Township 25, Range 23; said Twenty foot strip beginning at a point about one hundred yards south of the northwest corner of the Southwest Quarter (SW1/4) of the Southwest Quarter (SW1/4) of said Section 13, and thence *running east and northeasterly along the ridge for about one-half mile, more or less, to the county road on the east side* of the Northeast Quarter (NE1/4) of the Southwest Quarter (SW1/4) of said Section 13, all in Stone County, Missouri, along the route as said roadway existed on the first day of July, 1948. (Emphasis added.)

■ However, an examination of the above-described easement, particularly the italicized portion, reveals that the description is vague and indefinite, even more so in light of the fact that Appellants contend their roadway meanders "northeasterly along the ridge for about one-half mile [1/2 × 5280 feet], more or less, to the county road on the east side of the Northeast Quarter of the

Southwest Quarter" of the farm.[1] Further, Respondent does not agree that the 1949 judgment's description of the easement contains the valid description of the easement nor does our examination of Appellants' evidence shed much light as to the physical location of the easement as described in the 1949 judgment. We recognize that under the rule of collateral estoppel and res judicata, although a judgment may have been erroneous, the issues may not be relitigated. *N.W. Electric Power Coop., Inc., v. American Motorists Ins. Co.*, 451 S.W.2d 356, 365 (Mo. App.1969). We determine, however, that in the instant matter the 1949 judgment cannot constitute res judicata on the issue of the physical location of the easement in question. *See Henderson v. Bardahl Int'l Corp.*, 72 Wash.2d 109, 431 P.2d 961, 966 (banc 1967)(an ambiguous and inconsistent judgment should not be the basis for an estoppel by judgment). This is because the 1949 judgment's description of the easement is indefinite, ambiguous and vague. *See Hoelscher*, 921 S.W.2d at 679; *see also* parallel discussion in *James Cobble Trust v. Wilson*, 928 S.W.2d 897, 898 (Mo.App.1996) (judgment affecting real estate must describe the land in question with enough certainty to support a later conveyance; otherwise it leaves open the possibility of future adjudication relating to the scope of the property affected by the judgment precluding appellate review of such a judgement); *Skalecki v. Small*, 951 S.W.2d 342, 345 (Mo.App.1997) (provisions in a judgment should be definite; indefinite provisions are void and unenforceable); *Tripp v. Harryman*, 613 S.W.2d 943, 951 (Mo.App.1981).[2] Point denied.

■ In Appellants' second point they maintain the data relied on in preparing the legal survey was "not distinctly proven," in that the trial court improperly delegated to the surveyor, and ultimately Respondent, the task of fixing the location of the easement. We agree.

In the judgment forming the basis of this appeal, the trial court found Respondent was "the owner of the 20 foot strip described in Exhibit A." Exhibit A is the same March 2, 1918, deed previously mentioned, which Respondent contends accurately describes a 20 foot wide easement (see lines connecting points "A", "C" and "D" per diagram) traversing her farm. It is described as follows:

> All [of] a strip of land twenty feet in width beginning at a point one hundred yards south of the Northwest corner of the Southwest Quarter of the Southwest Quarter, *thence east along the ridge where the road now runs, about one half mile to point on east line of* the Northeast Quarter of the Southwest Quarter of Section Thirteen (13) Township (25) Range Twenty three (23) [Stone County, Missouri]. (Emphasis added.)

At trial, however, Respondent presented no testimony or evidence showing with precision the metes and bounds description of the easement as described by the 1918 deed. Respondent recited that the "twenty-foot strip of land run[s] south of the house and the barn," and that there was a "pond close to where the twenty-foot strip of land went," and that she "could go out there with a surveyor and ... could see now where the original twenty-foot strip of land went." Although at trial Respondent presented photographs of where she contended the "old roadway used to be," and these photographs are useful in helping explain where she contended the easement may have been located, in and of themselves they present no accurate description as to where the easement was originally located.

■ After appeal of the first judgment and remand to the trial court for its entry of the location of the easement based on a legal survey, the second judgment of the trial court recited that a metes and bounds survey was undertaken by Karl E. Denton, Registered Land Surveyor, Number LS–2231. The trial court incorporated the survey into

---

1. Compare with the disputed segment of an easement described in *Allen v. Smith*, 375 S.W.2d at 883–84, that traversed across one-half of an acre of land.

2. We do not imply, however, that the 1949 judgment is void.

its second judgment.[3] The survey recited that "the information contained hereon is based on an actual survey of the land described herein." It contained a "surveyor's note" in the center of the survey diagram. It stated:

> There are very distinct traces of the old wagon trail through the timber and along the edge of the timber to this point [point C on this court-supplied diagram, *supra* ]. *From this point to highway "V"* [point D on this court-supplied diagram] *crosses a brushy field and no trace of the trail is evident. The location of the road from this point to Highway "V" is depicted from landmarks, photographs, sketches and conversations provided by Reba Helgeson.* (Emphasis added.)

What the substance of these landmarks, photographs, sketches and conversations may constitute, as set out in italics above, is not precisely shown in the record. We can speculate that many of these same landmarks, photographs and sketches may have been presented and received into evidence at trial. However, this is a matter of conjecture on our part. Thus, the foregoing italicized remarks lend support to Appellants' contention that the completed survey was based, in part, on landmarks, photographs, sketches and out-of-court conversations provided by Respondent that may not have constituted part of the record at trial. As a result of our review of the record we conclude Appellants were not accorded the right to cross-examine Mr. Denton regarding the particulars of his survey. Appellants "should have received an opportunity to challenge the survey." *Wills v. Meador*, 638 S.W.2d 297, 298 (Mo.App. 1982). "The parties are entitled to question a surveyor appointed by the court in the same manner as any expert called as a court witness." *Id.*(citing *United States v. Cline*, 388 F.2d 294, 296 (4th Cir.1968)). Accordingly, we determine there was insufficient evidence to support the trial court's judgment. Point Two is well taken.

The judgment is reversed and the cause is remanded to the trial court for a hearing to determine if the survey was properly made. If so, the court may reenter the present judgment; if not, it may receive new evidence and order additions or corrections to the survey or a new survey if necessary, and may thereafter enter judgment.

GARRISON, C.J., and SHRUM, P.J. , concur.

---

3. The parties subsequently stipulated that Defendants', i.e., Appellants', Exhibit V–5 (a general diagram of Respondent's farm, together with a location of the easement in question) could be received into the record. The exhibit appears to be the same survey performed by Karl E. Denton as Triad Surveying, Inc., dated February 6, 1997, and certified by the signature of Karl E. Denton.