Carl E. SASSMANN, et al.,
Plaintiffs/Respondents,

v.

Marvin H. KAHLE,
Defendant/Appellant.

No. ED 75443.

Missouri Court of Appeals,
Eastern District,
Union Division.

Jan. 11, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 17, 2000.

Application for Transfer Denied
June 27, 2000.

P. Daniel Billington & Gordon Rolla Up-church, Union, for appellant.

P. Dennis Barks, Hermon, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

In this court-tried case involving real property, defendant, Marvin Kahle, appeals from the judgment entered for plaintiffs, Carl Sassmann, Mildred Sassmann, Denise Peth and Richard Peth. We dismiss the appeal.

Plaintiffs own real property in Gasconade County. Defendant owns property that is contiguous to plaintiffs' property. A dispute arose regarding the location of the boundary between the properties, a strip of land between the properties and a fence. Plaintiffs brought an action to quiet title, for injunctive relief and for damages. Defendant answered and brought a counterclaim for declaratory judgment, to quiet title and for ejectment.

After the trial, the court entered judgment for plaintiffs. The court found:

that such portion of the real estate described in paragraphs 1 and 2 of Plaintiffs' said Petition which lies immediately north of an established fence line has been recognized by Plaintiffs, their predecessors in title, and the predecessors in title to Defendant as the true common boundary line between the separate tracts now owned by Plaintiffs and Defendant, and that possession of said strip of real estate lying immediately north of said established fence line, and ranging

between approximately 15 feet and 30 feet in width, has been under a claim of right by Plaintiffs and their predecessors in title, to the exclusion of all other persons, including Defendant; and further finds that the true boundary line between the respective tracts of real estate owned by Plaintiffs and Defendant is the fence line removed by Defendant and an extension of that line along the same compass bearing to the intersection thereof with the western boundary line of Plaintiffs' real estate as described in the deeds. . . .

The court also found that defendant removed the existing fence located on the strip of real property claimed and possessed by plaintiffs. The court further found that plaintiffs sustained damages resulting from defendant's "repeated trespasses," removal of the fence and mowing of grass and other vegetation on the property at issue. The court ordered title to the property be vested in plaintiffs such that the common boundary between the parties' properties was the "fence line" removed by defendant. The court also stated:

> in order to enable a full and sufficient legal description of said boundary line, Defendant is ordered to obtain a new survey of said original fence line and the extension thereof and to file with the Court an authenticated copy of the plat of such survey, plus a typed description sufficient for use in a supplemental judgment quieting title in Plaintiffs to be filed in this cause, within 60 days after entry of this judgment. The Court shall retain jurisdiction over this cause until such survey plat and description and supplemental judgment are so filed and approved by the Court.

Defendant appeals from this judgment.

■ A reviewing court has a duty to determine its jurisdiction sua sponte. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997); *Cobble Trust v. Wilson*, 928 S.W.2d 897, 898 (Mo.App. E.D.1996). The right to appeal is statutory, and an appeal may only be taken from a final judgment. Section 512.020 RSMo.1994; *Cobble Trust*, 928 S.W.2d at 898. Until there is a final judgment, this court lacks jurisdiction to consider the merits of an appeal. *Cobble Trust*, 928 S.W.2d at 898.

■ Under Rule 74.01(b), the trial court's judgment is final for purposes of conferring appellate jurisdiction only if the judgment disposes of all the disputed issues in the case and leaves nothing for future adjudication. *Id.* Accordingly, a judgment that requires external proof or another hearing to dispose of disputed issues involved in the litigation is not final for purposes of Rule 74.01(b). *Id.* This rule is particularly important for cases involving real property. *Id.*

■ Here, the court found that the true common boundary between the parties' properties was the "fence line" removed by defendant. The court ordered defendant to obtain a new survey of the "fence line" for a supplemental judgment to quiet title to plaintiffs. The judgment therefore requires external proof, a survey, to dispose of a disputed issue in the case. *Id.* Furthermore, the survey could be such that future adjudication is not foreclosed. *See Helgeson v. Ochs*, 988 S.W.2d 545, 550 (Mo.App. S.D.1999). In quieting title, the court did describe the strip of land as lying north of the "fence line" with a width of fifteen to thirty feet. However, determination of the location of the original fence line was necessary for the judgment to quiet title. There was not a final appealable judgment without a legal description from the survey. *Helgeson v. Ochs*, 957 S.W.2d 486, 487 (Mo.App. S.D.1997). The judgment was not final for purposes of appeal and this court lacks jurisdiction.

Appeal dismissed.

MARY RHODES RUSSELL, Chief Judge and RICHARD B. TEITELMAN, Judge, Concur.