**In re the matter of TRUST OF Harry Frank BORNEFELD and Ruth Bornefeld: Joan Fitzgerald, et al., Plaintiffs/Appellants,**

v.

**Michael Kaemmerer, Personal Representative for the estate of Ruth Bornefeld, Dec'd, et al., Defendants/Respondents.**

**No. ED 76604.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 23, 2001.

Mary–Louise Moran, The Moran Law Firm, St. Louis, for Appellants.

Elaine Mari Moss, Chesterfield, for Respondents.

SULLIVAN, Judge.

Appellants appeal from a trial court Order and Judgment ("Judgment") memorializing a settlement agreement and responding to a motion to enforce settlement agreement. We dismiss for lack of jurisdiction.

The original action arose out of a trust established in 1987 by Harry and Ruth Bornefeld, a husband and wife who had adult children from previous marriages at the time of their marriage and no children in common. Appellants, Harry's children, and Respondents, Ruth's children, are beneficiaries under the trust. In January 1991, Harry died and Ruth became sole trustee of the trust.

In December 1992, Appellants filed a Petition for Damages for Tortious Interference with Inheritance Rights against Respondents, Cause No. 645782. In October 1993, Appellants filed a First Amended Petition for Compensatory and Punitive Damages for Tortious Interference and Imposition of Constructive Trust.

Also in October 1993, Ruth died, and in January 1994, Appellants filed a Petition to Appoint Successor Trustee, as amended in March 1994, Cause No. 659167. In April 1994, the trial court entered an order appointing a successor trustee and retaining jurisdiction. In August 1994, Appellants filed another Petition to Establish Constructive Trust against Respondents under Cause No. 659167.

In October 1994, Respondents filed a Motion for Summary Judgment in Cause No. 645782, and in December 1994, Appellants filed a Motion for Partial Summary Judgment in Cause No. 659167. Appellants also filed a Motion to Consolidate. In February 1995, the trial court granted the Motion to Consolidate, "placing both files together under Cause No. 645782."

In an effort to resolve the matters pending in the litigation, Appellants and Respondents entered into a settlement agreement that was recited on the record on December 8, 1998.

During the settlement agreement hearing, the parties asked the trial court to enter an order to include the following: (1) the successor trustee shall submit his final and complete accounting on or before January 15, 1999; (2) the cost of the oil tank removal in Overland Garage and the successor trustee's final fee bill shall be included in the successor trustee's report; (3) the parties shall have until January 31, 1999 to file written comments or objections with the trial court; (4) thereafter, the trial court shall enter its final order terminating this action; (5) upon entry of the final order, [Respondents] will disclaim

further interest in the trust; and (6) upon entry of the final order, [Appellants] may nominate a successor trustee. On December 8, 1998, the trial court entered an order in accordance with the parties' request.[1]

On or about December 22, Respondents' counsel drafted a written version of the settlement agreement and forwarded a copy to Appellants' counsel. On January 15, 1999, the successor trustee filed a motion for additional time to file his report because of delays in necessary approvals for removal of the oil tank in Overland Garage, and the trial court granted this motion. On February 26, 1999, Respondents filed a Motion to Enforce Settlement Agreement because Appellants' counsel allegedly contacted Respondents' counsel on February 9, 1999 and stated that in light of the increased costs associated with removing the oil tank in Overland Garage, Appellants would not execute the settlement agreement.[2] In an April 13, 1999 memorandum, the trial court granted the Motion to Enforce Settlement Agreement and stated that judgment on that agreement "will be entered in favor of [Respondents]." On June 24, 1999, the trial court entered its Judgment.

■■■ We have a duty to determine our jurisdiction *sua sponte*. *Sassmann v. Kahle*, 18 S.W.3d 1, 2 (Mo.App. E.D.2000). At our request, the parties filed memoranda addressing the jurisdictional issue and discussed the issue in their briefs. Appellants argue that the Judgment is final for purposes of appeal and Respondents argue that the Judgment is not final for purposes of appeal. We agree with Respondents.

■■■ The right to appeal is statutory, and an appeal may only be taken from a final judgment. *Id.* Until there is a final judgment, we lack jurisdiction to consider the merits of an appeal. *Id.* Under Rule 74.01(b), the trial court's judgment is final for purposes of conferring appellate jurisdiction only if the judgment disposes of all the disputed issues in the case and leaves nothing for future adjudication. *Id.* Accordingly, a judgment that requires external proof or another hearing to dispose of disputed issues involved in the litigation is not final for purposes of Rule 74.01(b). *Id.* This requirement is to avoid piecemeal presentation of cases on appeal. *McMullin v. Borgers*, 806 S.W.2d 724, 734 (Mo. App. E.D.1991).

On June 14, 1999, prior to the trial court entering its Judgment, the successor trustee filed a Motion to Approve May 20, 1998 and June 14, 1999 Accounting, to Confirm Actions Taken Reported Therein and for Instructions Regarding Withdrawal as Successor Trustee. A hearing on this motion was set for December 17, 1999. However, Appellants filed their Notice of Appeal on August 3, 1999, and thus the hearing was cancelled.[3] The Judgment does not address trust administration issues over which the trial court retained

---

1. The order also included a date certain of February 15, 1999 for the actions specified in items 4, 5, and 6 above to be completed.

2. At the settlement agreement hearing, the parties recited as part of the liabilities of the trust known to date "the cost of the removal of an oil tank in Overland Garage estimated to be $6,800." The settlement agreement provided that Respondents "escrow the sum of $3,000 to pay unexpected, unforeseen and unknown liability of the trust." Respondents were to be "responsible for 50 percent of those liabilities up to $3,000 total." In his motion for additional time to file his final report, the successor trustee explained that the contractor examining the Overland Ga-

rage site for removal of the oil tank discovered that there were likely two tanks located at the site, the removal of which would "result in an additional expense of $1,875 as well as a disposal expense for accumulated water in the tanks estimated between $1,500 and $3,000."

3. That issues remained was not unknown to Appellants as the trial court order effectuated at the parties' request during the settlement agreement hearing, and amended thereafter, recognized that matters relating to the trust's administration remained for future determination after entry of the settlement agreement.

 

jurisdiction. Accordingly, we find that the Judgment is not final for purposes of appeal because it does not dispose of all the disputed issues in the case and leave nothing for future adjudication.[4] We dismiss for lack of jurisdiction.[5]

MOONEY, P.J., and SIMON, J., concur.

---

**4.** We note that the trial court did not expressly determine in the Judgment that "there is no just reason for delay." *See* Rule 74.01(b).

**5.** Appellants' Motion for Attorney's Fees and Costs of Appeal is denied.