# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-05-00136-CR
---

**Finley Dale Icenogle, Appellant**

**v.**

**The State of Texas, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 992778, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Finley Dale Icenogle of felony driving while intoxicated and sentenced him to nine years' imprisonment. *See* Tex. Penal Code Ann. § 49.04 (West 2003). On appeal, Icenogle complains that the trial court erred in (1) allowing the arresting officer to testify that Icenogle seemed to sober between the time he was arrested and when he was videotaped at the police station and (2) refusing to allow Icenogle's attorney to ask whether the officer "want[ed] to see" Icenogle convicted. We affirm the trial court's judgment of conviction.

Both of Icenogle's issues on appeal involve the trial court's decisions on the admission or exclusion of evidence, which are reviewed for an abuse of discretion. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). If we find error in a trial court's evidentiary decisions, we will nonetheless affirm the judgment if it is clear that the admission or exclusion of the evidence

did not have a "substantial and injurious effect or influence" on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Austin Police Officer Ronald Phillips testified that while on patrol in a marked police car, he noticed Icenogle's car stopped on the side of the road with its brake lights on and engine running; Phillips testified that the car was interfering with traffic and was stopped illegally close to a nearby intersection. When Phillips stopped and shone his spotlight on the car, Icenogle started to drive. After Phillips put on his flashing lights, Icenogle drove thirty feet further, stopped the car, and got out of the car. Phillips approached Icenogle and observed that he was stumbling and smelled very strongly of alcoholic beverages. Icenogle told Phillips that he had drank "[q]uite a bit" that evening and "hadn't quit" drinking yet and admitted that he had a drink in the car. Icenogle said he did not have any physical defects or medical problems, although he said he had taken medication for allergies. Icenogle said he had been driving about ten minutes when he was stopped. Phillips testified that Icenogle had bloodshot and glassy eyes, slurred speech, and a strong odor of alcoholic beverages about him and that he swayed when standing, walking, or turning. After Icenogle failed three field sobriety tests—the horizontal-gaze nystagmus, one-leg stand, and walk-and-turn tests—Phillips arrested him. At the police station, Icenogle refused to take a breath test or to answer most questions asked during a videotaped interview conducted about an hour after his first encounter with Phillips. On the videotape, Icenogle did not appear as intoxicated as Phillips described.

In his first issue, Icenogle complains that the trial court should not have allowed the State to ask whether the difference between Icenogle's appearance on the videotape and his appearance when stopped was related to his physical activity and the passage of time between the

stop and the videotaping at the station.[1]  However, during direct examination, Phillips was asked without objection whether, "based on [his] experience with the field sobriety tests and observing subjects who are under the influence, is that hour, does that allow an individual time to sober up?" Phillips answered that it did.  He was then asked whether Icenogle's "level of intoxication" was different when he was taped, and he answered that he "believe[d] it to be noticeably different" and said that Icenogle had "sobered up some."  Then, on cross-examination, Icenogle's attorney asked Phillips, "But you are saying it appears that he sobered up in the hour we are talking about?" Phillips answered, "Sure.  He was sitting inside the vehicle, not active, not moving around."  Not until redirect, when the State asked about the effect of time and movement on Icenogle's appearance of sobriety, did Icenogle object.

Error is preserved for our review only when the defendant makes timely, specific objections at the time the allegedly inadmissible evidence is offered.  *Scaggs v. State*, 18 S.W.3d

---

[1] Icenogle complains of the following exchange during redirect examination:

| State: | You indicated in response to a question by counsel with respect to his demeanor or level of intoxication you were discussing, you said that, of course, because he was seated inside the vehicle, no activity and he wasn't moving around. |
|---|---|
| Phillips: | The individual was seated inside the vehicle drinking alcohol, self-admittingly [sic], obviously by being seated it is going to take more of an effect on him than being out walking around, performing the test, interactions with himself and the time that it took us to get down to the jail and so forth and get before the camera. |
| State: | That would explain why his demeanor and appearance on videotape is different than his demeanor out on the street? |
| Phillips: | Correct. |

277, 291 (Tex. App.—Austin 2000, pet. ref'd). An evidentiary ruling "will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. This rule applies whether the other evidence was introduced by the defendant or the State." *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). Icenogle did not object to Phillips's direct-examination testimony that he believed Icenogle had sobered up in the hour between his arrest and the videotaping at the police station, and on cross-examination, Phillips testified that he believed Icenogle had sobered due to moving around, rather than merely sitting still. By not objecting and, indeed, eliciting the same testimony of which he now complains, Icenogle has waived any error in Phillips's testimony on redirect about why Icenogle's appearance was different on the videotape. *See id*. We overrule Icenogle's first issue on appeal.

In his second issue, Icenogle complains that the trial court should have allowed him to inquire into whether Phillips was biased against him in the following exchange:

Defense:     Do you want to see Mr. Icenogle convicted of this offense?

State:       Objection, Judge. Objection as to relevance.

Defense:     I think it's clearly relevant. I want to see what his bias is.

Court:       Sustained.

Icenogle argues that the trial court's refusal to allow this line of questioning violated his constitutional right to confront and cross-examine witnesses. *See* U.S. Const. amends. VI, XIV.[2]

---

[2] Icenogle did not ask to make an offer of proof as required by the rules of evidence. Tex. R. Evid. 103(a)(2); *see also McKee v. State*, 855 S.W.2d 89, 90-91 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (in complaining of refusal to allow questioning about officer's possible bias, defendant established through bill of exception that officer was paid overtime when he testified in court when not on duty). However, in the interest of justice, we will address Icenogle's complaint.

Although Icenogle is correct in asserting that trial courts should allow "great latitude" to a defendant seeking to show a witness's bias or any motive to falsify his testimony, trial courts "have considerable discretion as to how and when bias may be proved." *Hodge v. State*, 631 S.W.2d 754, 758 (Tex. Crim. App. 1982). Icenogle does not point to and we do not find any indication in the record that Phillips was unduly biased against Icenogle or lied under oath to ensure a conviction. Icenogle questioned Phillips about various inconsistencies between his testimony and his written report from the night of the arrest and he inquired into why Phillips relied so heavily on reading from his report, rather than on his memory. Despite this detailed cross-examination, Phillips's testimony did not raise an inference that he was so biased that he would lie under oath to obtain a conviction. Further, Icenogle did not seek to make an offer of proof outside the jury's presence that would show the content of the testimony he sought, *see* Tex. R. Evid. 103(a)(2), and he did not attempt to reword his question or ask any other questions that might have elicited testimony showing bias.

Based on this record, Icenogle has not shown that the trial court abused its discretion in refusing to allow this particular question to be asked. *See Moody v. State*, 827 S.W.2d 875, 891 (Tex. Crim. App. 1992) (defendant did not explain how testimony would have showed bias or motive against defendant, other than arguing that it pertained to witness's truthfulness and credibility; court was "unable to discern any such indicia of bias or motive which could be perceived from the excluded testimony" and found no abuse of discretion in barring the testimony proffered through bill of exception). Even if we assume error, Icenogle has not shown that he suffered any harm as a result of the trial court's ruling, and we will not reverse the trial court based on speculation as to what Phillips's answer might have been. *See Shelby v. State*, 819 S.W.2d 544, 550-51 (Tex.

Crim. App. 1991) (when trial court erroneously limits cross-examination, appellate court should consider importance of witness's testimony, whether testimony was cumulative, presence or absence of corroborating or conflicting testimony, extent of other allowed cross-examination, and overall strength of State's proof).  We overrule Icenogle's second issue on appeal.

Having overruled Icenogle's issues, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson, and Puryear

Affirmed

Filed:   December 14, 2006

Do Not Publish